Nov. Term, **1819.**

THOM
v.
SAVAGE.

*Wednesday, November 10.*

(1) Ante, p. 12.

---

### THOM v. SAVAGE.

The execution of an appeal bond by the surety alone without the principal, is sufficient.

APPEAL from the *Crawford* Circuit Court.—A motion was made by the appellee to dismiss this case, because the appeal bond had not been executed by the principal, but by the surety alone.

*Wednesday, November 10.*

*Per Curiam.*—If sufficient security be given for the due pro-secution of the appeal, the statute requiring appeal bonds is in substance complied with. It would in many instances very im-properly exclude a party from the privilege of appealing, if his own execution of the appeal bond could not be dispensed with (1).

Motion overruled.

*Dunbar,* for the appellant.

*Moore,* for the appellee.

(1) Ind. Stat. 1817, p. 7.—Acc. Ind. Stat. 1823, p. 131. By stat. 16 and 17 Car. 2. it is enacted, "that in writs of error brought upon any judgment af-ter verdict, in any action of ejectione firmæ, no execution shall be stayed, un-less the *plaintiff* or *plaintiffs* in such writ of error, *shall be bound* unto the plain-tiff in such action of ejectione firmæ, in such reasonable sum as the Court, to which such writ of error shall be directed, shall think fit," &c. *conditioned,* if the judgment be affirmed, &c., to pay costs, &c. Even under this statute, it is not necessary for the plaintiff in error to be *personally* bound : if he procure proper sureties to enter into the recognizance, it is sufficient. *Keene* v. *Dear-don,* 8 East, 298.—Adams on Ejectment, 313, 314.—Vide also *Dixon* v. *Dix-on,* 2 Bos. and Pull. 443.—*Anonymous,* Hardin, 149,