RAILSBACK v. GREVE ET AL.

APPEAL BOND.—*Pleading.—Defective Bond.*—Where the complaint in an action on a bond given on an appeal to the Supreme Court describes the judgment from which such appeal is taken as a judgment against two persons named, and the appeal bond filed with the complaint as a part thereof recites a judgment against only one of said persons, this does not render the complaint bad on demurrer; but the defect in the bond, in omitting the name of one of the judgment defendants, may be thus sufficiently shown, without directly suggesting such defect in the complaint.

SAME.—*Bond not Signed by Judgment Defendant.*—An appeal bond, given on an appeal to the Supreme Court from a judgment against two persons, is not rendered invalid by the fact that it is signed by one and not by both of the judgment defendants.

SAME.—*Liability of Surety.—Laches of Judgment Plaintiff.*—A surety in an appeal bond given on an appeal to the Supreme Court can not insist, that the property of the judgment defendant shall be exhausted before suit is brought upon such bond against said surety; and the failure of the judgment plaintiff to enforce his judgment against such judgment defendant, when he was solvent, will not discharge or release such surety from his liability on said bond, when such judgment defendant has become insolvent.

PRACTICE.—*Withdrawal of Pleading.*—When a reply, to which a demurrer has been overruled, is withdrawn by leave of the court, no error can be assigned on such ruling on demurrer.

SAME.—*Exception.*—An objection to the admission of evidence will be of no avail, on appeal, without an exception to the decision of the court overruling the objection and admitting the evidence.

SUPREME COURT.—*Evidence.*—Where, on appeal to the Supreme Court, it is apparent on the face of the record that it does not contain all the evidence, the appellate court will not reverse the judgment on any question as to the weight or sufficiency of the evidence.

From the Wayne Circuit Court.

*C. H. Burchenal,* for appellant.

*T. J. Study* and *Julian & Julian,* for appellees.

HOWK, J.—This was an action by the appellees, as plaintiffs, against the appellant and one Jason Ham, as defendants, in the court below.

In their complaint, the appellees alleged, in substance, that, on the 24th day of May, 1869, the appellees recov-

ered a judgment against the said Jason Ham and one James G. McNett, for the sum of four hundred and sixty-two dollars and fifty cents, and costs of suit, in the court of common pleas of Wayne county, Indiana, from which judgment, at the time of its rendition, the said Ham and McNett prayed an appeal to the Supreme Court of this State, which was granted on condition that they would file an appeal bond in the penalty of one thousand dollars in said cause, executed by the appellant, Joel Railsback, as security therein, within thirty days from the rendition of said judgment; that at the time of the rendition of said judgment, and at the time of granting said appeal therefrom, the said court of common pleas fixed the amount of the penalty of said bond at said sum of one thousand dollars, and, at the request of said Ham and McNett, approved and accepted the appellant as security on said appeal bond; that on the 9th day of June, 1869, said Ham and McNett, for the purpose of perfecting their said appeal from said judgment, filed with the clerk of said court of common pleas, in his office, an appeal bond, in the words and figures following, to wit:

" Know all men by these presents, that we, Jason Ham and Joel Railsback, are held and firmly bound unto Henry Greve, William Buhrlage and Julius Eschman, in the penal sum of one thousand dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally. Sealed with our seals, and dated this 9th day of June, 1869.

" The condition of the above obligation is such, that whereas, on the 24th day of May, 1869, the said Greve, Buhrlage and Eschman recovered, in the Wayne court of common pleas, of Wayne county, Indiana, a judgment against said Ham for the sum of $462.50, and the costs of suit, from which judgment the said Ham appealed to the Supreme Court of Indiana:  Now, if the said Ham shall duly prosecute his said appeal, and pay the judgment

which may be rendered or affirmed against him therein, then the above obligation shall be void, otherwise in full force.

(Signed,)              " JASON HAM.
                         " JOEL RAILSBACK. "

And the appellees averred, that, upon the filing as aforesaid of said appeal bond by said Ham and McNett, execution and all proceedings on said judgment were stayed, until after said appeal was heard and decided by said Supreme Court; that said Ham and McNett fully perfected their said appeal from said judgment, and on the 10th day of July 1869, filed a transcript and record of said proceedings and judgment, in said Supreme Court; that afterward, on the 24th day of February, 1871, the said judgment was fully affirmed by the judgment of said Supreme Court, which latter judgment was duly certified down to said court of common pleas on the 17th day of June, 1871; that, by reason of the affirmance of said judgment by said Supreme Court, the said Ham and the appellant, Railsback, became and were liable to the appellees for the payment of said judgment, which said judgment, interest and costs were due and unpaid, and that the penalty of said appeal bond was due and unpaid. Wherefore, etc.

There was a second paragraph of this complaint, which does not differ materially from the first paragraph, except in this: that the name of James G. McNett does not appear in the second paragraph, either in the description of the judgment of said court of common pleas, or in the prayer for an appeal therefrom, or elsewhere in said second paragraph.

To each of these paragraphs of complaint, the appellant demurred, for the alleged want of sufficient facts therein to constitute a cause of action; which demurrers were overruled by the court below, and to these decisions the appellant excepted.

The appellant then answered, in six paragraphs, the appellees' complaint, as follows:

First. A general denial.

Second. Payment in full, of the judgments described in the complaint, before the commencement of the action..

Third. The bonds sued upon were given without a consideration.

Fourth. In the fourth paragraph of his answer to the first paragraph of the complaint, the appellant alleged, in substance, that, after the filing in said court of common pleas of the said certified copy of said judgment of the Supreme Court, the appellees caused an execution to be issued, on the — day of ——, 1871, out of said court of common pleas, on the day the judgment was affirmed as aforesaid, to the sheriff of said county, commanding him to levy the amount of said judgment, interest and costs, of the property of said judgment defendants, in said county, subject to execution; that said execution came to said sheriff's hands, on the — day of ——, 1871, and by virtue thereof, and within two months after its date, said sheriff levied the same, on the — day of ——, 1871, on certain real estate of said Jason Ham, in said county, subject to execution, of the value of five thousand dollars, which said levy had never been discharged legally, by sale or otherwise; and that all costs on said appeal, in said Supreme Court, had been fully paid before the commencement of this suit.

Fifth. And for further answer to the second paragraph of complaint, the appellant said, in substance, that, after the filing, in said court of common pleas, of said certified copy of said judgment of the Supreme Court, on the — day of—, 1871, the appellees caused an execution to be issued out of said common pleas court, directed to the sheriff of said county, commanding him to levy the amount of said judgment of the property of said judgment defendants, in said county, subject to execution; that said execution came to said sheriff's hands on said day, and within ten days thereafter said sheriff, by virtue of said execution, levied upon and seized certain personal property of the said Jason Ham, subject to execution, of the value of one thousand

dollars, and after such levy, and while the same was in force, said sheriff, by the direction of the appellees, return-ed said execution without any sale or disposition of said property so levied upon, and no sale of the same had ever been made by said sheriff; that, after such levy and return of said execution, said Jason Ham had died, and his estate was wholly insolvent; and that all costs in said cause, in the Supreme Court, were fully paid before the commence-ment of this suit. Wherefore the appellant prayed judg-ment; and,

Sixth. And for further answer to the first paragraph of complaint, the appellant said, in substance, that, after the filing of said certified copy of said judgment of the Supreme Court, in said court of common pleas, on the — day of —, 1872, the appellees caused an execution to be issued out of said court, upon said judgment, to the sheriff of said county, commanding him to levy the amount of said judg-ment, interest and costs, of the property of said judgment defendants, in said county, subject to execution; that on the same day said execution came to the hands of said sheriff, and the said Jason Ham then had real and personal property, in said county, subject to execution, of the value of five thousand dollars, out of which said judgment, inter-est and costs might, with proper diligence, have been ful-ly made; but that, after the issue of such execution, and within one hundred and eighty days thereafter, the appel-lees ordered and directed said sheriff to return said exe-cution, and said sheriff accordingly returned said execu-tion without making any levy thereof, or making any search or inquiry for property on which to levy; that, af-ter said return of said execution, the said Ham became wholly insolvent, and on the — day of ——, 1873, died insolvent, and left no estate out of which said judgment, or any part thereof, could be made; and that all costs on said appeal, in said Supreme Court, were fully paid by appellant before the commencement of this suit.

The appellees demurred to each of the fourth, fifth and

Railsback v. Greve *et al.*

sixth paragraphs of the appellant's answer, for the want of sufficient facts therein to constitute a defence; which demurrers were overruled as to the fourth and fifth paragraphs, and sustained as to the sixth paragraph of said answer, and to this latter decision the appellant excepted.

The appellees replied, by a general denial, to the second, third, fourth and fifth paragraphs of the appellant's answer; and they also replied specially, in a second and third paragraph, to the fifth paragraph of said answer. To the second and third replies, the appellant demurred for the want of sufficient facts therein, which demurrers were overruled, and the appellant excepted. Before trial, however, the appellees withdrew their second and third replies. The issues joined were tried by the court below, and a finding and judgment were made and rendered in favor of the appellees, and against the appellant, for the sum of six hundred and forty-four dollars and fourteen cents. The appellant's written motion for a new trial was overruled, and he excepted to this decision; and his bill of exceptions is properly in the record.

In this court, the appellant has assigned, as errors, the following decisions of the court below, to wit:

1st. In overruling his demurrer to the first paragraph of the complaint;

2d. In overruling his demurrer to the second paragraph of the complaint;

3d. In sustaining the appellees' demurrer to the sixth paragraph of the appellant's answer;

4th. In overruling his demurrers to the second and third paragraphs of the appellees' reply; and,

5th. In overruling his motion for a new trial.

The several questions presented by these alleged errors will be considered and decided in the order of their assignment.

1st. Appellant's learned attorney insists, as we understand his argument, that the first paragraph of the complaint is fatally defective, because of the apparent vari-

ance between the averments therein and the recitals in the appeal bond, which is the subject-matter of this action. The first paragraph of the complaint describes a judgment against said Jason Ham and James G. McNett, in favor of the appellees; while the recitals in said appeal bond describe a judgment in favor of the appellees, and against said Ham only, but each was of the same date, and in the same amount, with the other, and rendered in the same court. If the bond in suit was an ordinary bond *inter partes*, we would think that the appellant's point was well taken. But this appeal bond was unquestionably taken by an officer in the discharge of the duties of his office; and, in such case, it is expressly provided by statute, that no such bond "shall be void for want of form of [or?] substance, or recital, or condition, nor the principal or surety be discharged." 2 R. S. 1876, p. 311, sec. 790. And, in the same section, it is also provided, that "In all actions on a defective bond, * * * * the plaintiff * * * may suggest the defect in his complaint, and recover to the same extent as if such bond * * * * were perfect in all respects." In this case, there was no express suggestion, in the first paragraph of the complaint, of any defect in the bond; but if the averments of this paragraph were true, and the appellant's demurrer conceded their truth, then it was apparent on the face of said paragraph, without any such suggestion, that the recitals of said bond were defective, in this, that they failed to describe correctly the judgment, from which there was an appeal to this court, and in which appeal the bond sued upon had been duly filed at the proper time and in the proper court. It seems to us, that, as the averments of this paragraph are full, clear and explicit, in regard to the judgment against both Ham and McNett, and their appeal therefrom to this court, and the taking, filing and approval, by the clerk of the proper court, of the appeal bond in suit, in perfecting their said appeal, and as the said bond was set out in, and made part of, said para-

graph, the defective recitals in said bond were shown with sufficient certainty, without any express averment or suggestion thereof in said first paragraph of the complaint. This conclusion is strongly supported by the cases of *Cook* v. *The State, ex rel., etc.,* 13 Ind. 154, and of *Moore* v. *Jackson,* 35 Ind. 360, and of *Gavisk* v. *McKeever,* 37 Ind. 484.

Appellant's counsel also seems to think, that the appeal bond in suit is fatally defective, because it was not executed by said James G. McNett. In our opinion, there is nothing in this objection. The bond would certainly have been been valid and binding on the appellant, if it had not been executed by either of the judgment defendants. *Thom* v. *Savage,* 1 Blackf. 51. And we think, that the fact that the bond in the case was executed by one, and not by both, of the judgment defendants, did not affect the validity of said bond, nor impair in any way the appellant's liability thereon.

In conclusion, we hold that the court below committed no error, in overruling the appellant's demurrer to the first paragraph of the appellees' complaint.

2d. Appellant's attorney has failed to discuss, in argument, the alleged insufficiency of the second paragraph of the appellees' complaint. Indeed, as we understand him, he frankly concedes in this court, in his brief, that the second alleged error of the court below is not well assigned. For the learned counsel says of said second paragraph, that it is "the only good paragraph" of the complaint. He claims, it is true, that this second paragraph was not sustained by any sufficient evidence; but that fact, if it be the fact, does not affect in any manner the question presented by the second alleged error, namely, the sufficiency of the facts stated in said paragraph to constitute a cause of action. There is nothing in this alleged error, and it is manifest that appellant's counsel is of this opinion.

3d. The third alleged error, complained of by appel-

lant, calls in question the decision of the court below, in sustaining the appellees' demurrer to the sixth paragraph of the answer. We have already given a full statement, which we need not repeat, of the facts alleged in this paragraph. The questions presented for our consideration by this alleged error, it seems to us, may be fairly stated thus: What is the liability of a surety in an appeal bond, such as the one in suit? May such surety lawfully insist, that the property of the judgment defendants shall be exhausted, before suit is brought against him on such appeal bond? And if the judgment plaintiff fails in any way to enforce his judgment against the judgment defendants, will such failure discharge or release such surety from his liability on such appeal bond?

It is very clear, that the liabilities of the obligors, whether principal or surety, in such a bond as the one sued on in this action, are limited to such damages as the obligee or obligees therein may sustain, if the appellant or appellants shall not duly prosecute his or their appeal, and shall not abide by and pay the judgment and costs, which may be rendered or affirmed against him or them, on such appeal. Such are the terms of the contract, which the law requires that the obligors, principal and surety, in such a bond shall execute. 2 R. S. 1876, p. 240, sec. 555. And however defective such a bond may be, if it is shown by proper suggestions or averments in what case such bond was filed, section 790, before cited, further provides, that "the principal and surety shall be bound by such bond, * * * * to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond." Sturgis v. Rogers, 26 Ind. 1. In such a case, it seems very clear to us, that the obligees in the appeal bond may at once, and in the first instance, enforce the collection of their judgment against the obligors in such a bond, without any attempt to collect such judgment from the judgment defendants. If this view of the matter is correct, and we think it is, it

Railsback v. Greve et al.

would seem to follow necessarily, that the alleged laches of the appellees, in enforcing their judgment against the judgment defendants, as set out in the sixth paragraph of the appellant's answer, would neither discharge nor release the appellant from his liability on the bond in suit. We hold, therefore, that no error was committed by the court below, in sustaining the appellees' demurrer to the sixth paragraph of the appellant's answer.

4th. The appellant has assigned, as his fourth error, the decisions of the court below, in overruling his demurrers to the second and third paragraphs of the appellees' reply. The record shows, however, that before the trial of this cause the appellees, with leave of the court below, withdrew these paragraphs of their reply. When these paragraphs were withdrawn, the decisions of the court below thereon went with them; and, therefore, this fourth alleged error is not in the record.

5th. The fifth and last alleged error, complained of by the appellant in this court, is the overruling by the court below of his motion for a new trial. Among the causes for a new trial, assigned in said motion, were several alleged errors of law, occurring at the trial and excepted to by the appellant. We will consider and decide, as briefly as we can, the several questions presented by these alleged errors of law. Of course, the appellant objected to the admission in evidence of the several orders, and the judgment of the court below, in the original suit of the appellees against said Ham and McNett, and of the appeal bond in that case, which was sued on in this action, upon the ground of the apparent variance between the orders and judgment in said original suit, and the recitals in said appeal bond. When these objections were severally overruled by the court below, the appellant excepted to these decisions. These alleged errors of law, occurring at the trial, present precisely the same questions which were presented by the appellant's demurrer to the first

paragraph of the appellees' complaint. We have already said all that we desire to say, in regard to those questions; and it follows therefrom, that, in our opinion, the court below did not err, in the admission of the evidence objected to.

J. B. Julian, Esq., a witness for the appellees on the trial in the court below, testified as follows:

"I was one of the attorneys in the case of Henry Greve and others v. Jason Ham and James G. McNett, in the court of common pleas of Wayne county, for plaintiffs; and, on appeal to the Supreme Court of said cause, I was attorney for the appellees in the court last named. I am acquainted with the handwriting of Theo. W. McCoy. He was acting as clerk of the Supreme Court of Indiana on the 4th day of August, 1869, and the endorsement on exhibit 'B,' showing the filing thereof, is in his handwriting. And I know, that exhibit 'B' was the record taken from the Wayne court of common pleas, and used as such in the case of Henry Greve and others v. Jason Ham and James G. McNett. No. 3336."

And, on cross-examination, Mr. Julian further testified:

"I found exhibit 'B' in the clerk's office of the Supreme Court, and it was handed to me by the clerk thereof on last Monday."

Elsewhere, in the record, it appears that the appellant objected elaborately and at length to each sentence of the evidence of said J. B. Julian, and that each of his objections was overruled by the court below, and the entire evidence of the witness, as we have set it out, was admitted. But the record wholly fails to show, that the appellant excepted to any of these decisions, in regard to the admission of Mr. Julian's evidence. "It is firmly settled that unless an exception is taken and entered upon the record in the manner prescribed by statute, at the time the decision is made in the court below, the objection is waived, and the record presents nothing for the

determination of the Supreme Court." Buskirk Practice, p. 289, and authorities there cited.

It also appears from the record, that certain writings, called exhibits, were offered by the appellees, and admitted by the court below, in evidence, over the appellant's objections and. exceptions. These writings, called exhibits, were not set out in appellant's bill of exceptions, and are not in the record. In the absence of these exhibits, the questions raised and discussed by appellant's counsel, in regard to their admission in evidence, are not properly presented for our decision. And so, also, with regard to another question, which is discussed very elaborately by appellant's learned attorney in this court, and that is, that the finding of the court below, in this case, was not sustained by sufficient legal evidence. Where, as in this case, it is apparent on the face of the bill of exceptions, that it does not contain all the evidence adduced on the trial, this court will not, and ought not to, reverse the judgment of the court below on any question as to the weight or sufficiency of the evidence. Buskirk Practice, p. 149, and authorities cited.

In conclusion, we hold that the court below did not err, in overruling the appellant's motion for a new trial.

The judgment of the court below is affirmed, at the costs of the appellant.