·BROWNLEE, ADMINISTRATOR, *v.* HARE ET AL.

SUPREME COURT.—*Evidence.—Record.—Bill of Exceptions.*—Where, on appeal to the Supreme Court, it appears by the record that it does not contain all the evidence given on the trial of the cause, that court will not disturb the judgment rendered below, on any question as to the weight or sufficiency of the evidence.

SAME.—*Agreement to Submit.—Master Commissioner.—New Trial.—Trial without Issue.*—Where the parties to a cause agree in writing, that the cause shall be heard and decided upon the evidence taken and reported by a master commissioner appointed by the court, neither party can, after decision, be heard to complain that no issue had been formed in the cause.

SAME.— *Objections to Administrator's Report.—Arrest of Judgment.—Parties. —Set-Off.—Counter-Claim.*—Where objections are filed to the allowance of the final settlement report of an administrator, he stands as plaintiff, and the objector as defendant, in the proceeding; and a motion by the administrator in arrest of judgment, on account of the insufficiency of the objections, presents no question for decision, unless the defendant has answered by way of set-off, counter-claim or other affirmative plea, and the finding of the court is founded thereon.

SAME.—*Motion in Arrest, When Made.*—A motion in arrest must precede the judgment sought to be arrested.

SUPREME COURT.—*Assignment of Error.— Motion.— Record.*—No question can be presented to the Supreme Court in relation to a motion made in the court below, which the record shows was never decided.

SAME.—*Judgment Without Objection and Exception.—Contempt.*—A judgment was rendered against an administrator, without objection or exception of record, that he be attached as for contempt of court, should he fail to pay over certain trust funds in his hands, within a certain time. By a bill of exceptions it appeared, that, at the time of its rendition, he objected to such judgment as exceeding the power of the court.

*Held,* that no question as to the form or substance of such judgment is presented to the Supreme Court.

*Held,* also, that, to present such question, the record should show an objection to the rendition of such judgment, the overruling of the objection, and an exception to the ruling.

From the Grant Circuit Court.

*J. Brownlee* and *H. Brownlee,* for appellant.

*G. T. B. Carr,* for appellees.

HOWK, C. J.—At the April term, 1876, of the court below, the appellant, the administrator of the estate of David W. St. Clair, deceased, submitted to the court his final settlement report, duly verified, of said estate.

In this report, the appellant showed to the court, in substance, that the means that came into the hands of said administrator, and the only means that belonged to said decedent's estate, were, in the first place, a claim in favor of said decedent against one Silas Braffit, who was the decedent's guardian, which claim the administrator undertook to collect at the instance of the officers of Grant county, who before that time had charge of said decedent, who was a pauper without children or their descendants; that said administrator undertook his said trust for the purpose of collecting said claim, and recovered a judgment against said Braffit for the amount in his hands, with interest at ten per cent.; that said administrator caused a tract of land to be sold, which was purchased by him and sold on time for one thousand dollars, a small part of the purchase-money for the land being paid by said administrator out of his own means, and the remainder by said claim; that about the time the said land was so sold, the heirs of said decedent, who were his brothers and sisters, claimed that they were entitled to said estate or means, and it was so determined in a suit by the county of Grant against said administrator; that said heirs or those who were of age, and said administrator, entered into agreements as to the shares and amounts that each of said heirs was to receive, which were adopted by each of said heirs as they became of age; that, according to the terms of said agreement, the appellant had paid the appellees, Sarah A. Hare and Silas B. and William H. St. Clair, each, the sum of ninety dollars, the appellee Lydia J. Brown the sum of one hundred dollars, and the appellee John B. Jumper, guardian of Lydia B. Jumper, the sum of one hundred and ten dollars, and he had also paid

the costs in said estate; that according to said agreements and compromises, made with each of said parties, there was due to the appellee Mrs. Hare the sum of five dollars and thirty-eight cents, and to the appellees Silas B. and William H. St. Clair, each, the sum of four dollars and sixty-six cents; that the appellee Lydia J. Brown, after she became of age, by her husband's direction agreed to receive one hundred dollars in full for her share, and she has been paid the sum of one hundred and ten dollars; that the foregoing was all the estate of said decedent with which the appellant was chargeable, with the credits to which he was entitled, and the appellant asked that said estate be declared settled.

The appellees filed written objections to said final settlement report, and prayed the court to require the appellant to make a more full and complete report. The appellant neither demurred to nor answered the appellees' objections to his report, nor was there any action then had by the court thereon. By the written agreement of the parties then filed, the court ordered that the cause should be referred to a master commissioner, who was to take all the evidence offered by either of the parties, and report the same to the court, at its next term, and it was expressly agreed, " that on the report of the evidence, so made by said commissioner, the judge of this court is to render such judgment to the parties, or either of them, as the evidence so reported might warrant and authorize."

At the September term, 1876, the master commissioner reported to the court the evidence taken by him in this cause. Upon this evidence, the court found that the appellant, as administrator of said decedent's estate, was chargeable with the sum of one thousand dollars, and allowed him the use and interest of said sum, in full for his services and expenses as such administrator, and that there then remained, in the hands of said administrator,

the sum of five hundred and twenty dollars, after allowing him the sum of four hundred and eighty dollars theretofore paid to the heirs of said decedent. The court then ordered the appellant to pay into court the said sum of five hundred and twenty dollars, for distribution to the heirs of said decedent, and to pay the costs of this suit.

The appellant's motion for a new trial was overruled, and his exception was entered to this decision; and thereupon the court further ordered, that the appellant pay over the said sum of five hundred and twenty dollars, the amount then in his hands unappropriated, within sixty days, and that, in default thereof, he be attached as for contempt of the court, from all of which the appellant now prosecutes this appeal to this court.

The appellant has here assigned, as errors, the following decisions of the circuit court :

1.   In overruling his motion for a new trial;

2.   In overruling his motion in arrest of judgment;

3.   In overruling his motion to set aside the objections filed by G. T. B. Carr, Esq., for the reasons that said objections do not state the names of the objectors, nor do they deny the statements of the report, nor do they deny nor in any way gainsay the vouchers filed ;

4.   In making the order to attach the appellant unless the amount found by the court to be due was paid ; and,

5.   The whole proceeding and judgment of the court was unauthorized and void.

We will consider and decide the several questions presented by these alleged errors, in the order of their assignment.

1.   In his motion for a new trial, the following causes therefor were assigned by the appellant :

1st.   That the evidence did not sustain the finding of the court ;

2d.   There was no issue in said case ; and,

3d. The finding and order were contrary to law, and were not sustained by the evidence.

The bill of exceptions, which is found in the record, shows upon its face that it does not contain " all the evidence given in the cause." The clerk of the court below certifies, in the body of the bill of exceptions, that some of the evidence is " omitted by order of appellant," and again that " the deeds, papers and records, required as above by the bill of exceptions to be here inserted, are omitted by direction of appellant." It is firmly settled by the decisions of this court, that where, as in this case, it is apparent on the face of the bill of exceptions, that it does not contain all the evidence adduced on the trial, this court will not reverse the judgment of the court below on any question as to the weight or sufficiency of the evidence. *Railsback* v. *Greve*, 58 Ind. 72 ; *Gale* v. *Parks*, 58 Ind. 117 ; Buskirk Practice, 149, and authorities there cited. The appellant can not assign, as a cause for a new trial, that there was no issue for trial in this case. The record shows that he agreed in writing, that the cause should be heard and decided upon the evidence taken and reported by the master commissioner, and, after the finding and decision of the court thereon, he can. not be heard to complain that there was no issue in the cause. From the record, as he has presented it to us, we can not say that the court erred in overruling his motion for a new trial; and, as all the presumptions are in favor of the correctness of that ruling, we are bound to say, the contrary not appearing, that the court did not err in that decision. *Myers* v. *Murphy*, 60 Ind. 282.

2. The appellant's motion in arrest of judgment was in writing, and the following causes therefor were assigned therein :

1st. The objections filed in this cause did not state facts sufficient to constitute a cause of action or defence ;

2d. The objections did not specify the names of the objectors, or the interest they might have ; and,

3d. The court was not authorized to make the order to attach the appellant, for the reason that the same was not demanded by the objectors, nor was this a case where there was a concealment of property or money.

From the first of these causes, it would seem that the appellant was somewhat in doubt as to whether he was the plaintiff or the defendant in this case, in the circuit court. He was the moving party in the case, and was seeking to have his final settlement report of his trust approved, and to be discharged therefrom by the court. As the record comes to us, he must be regarded as the party plaintiff, and the appellees, who were objecting to the approval of his report, and were insisting that he should render to the court a definite, accurate and full report of his trust, must be regarded as parties defendants in this case.

Viewed in this light, the appellant's motion in arrest of judgment, in this case, was simply a mistake on his part. In his final report, he asked the judgment of the court, declaring the estate of his decedent settled; and certainly he did not wish to have that judgment arrested.

As a general rule, the object and purpose of a motion in arrest of judgment are to test, after finding or verdict, the sufficiency of the facts stated in the plaintiff's complaint or petition to constitute a cause of action, and to authorize the rendition of a judgment thereon. If, however, the defendant has answered by way of set-off, counter-claim, or other affirmative pleading, in which he has asked affirmative relief, and it is apparent that the finding or verdict is founded thereon, we do not doubt, that, in such a case, the plaintiff's motion in arrest of judgment would test the sufficiency of the facts stated in such affirmative pleading to authorize affirmative relief, and would reach any defect therein, not cured by the finding or verdict. Buskirk Practice, 264, *et seq.*, and authorities cited.

It is clearly manifest, we think, from the third cause assigned in the appellant's motion in arrest of judgment. that the motion was not made until after the final order or judgment in the cause was made or rendered. The final order or judgment of the court was, as we have seen, that if the appellant should fail to pay over, within sixty days, the amount found to be in his hands belonging to the heirs of his decedent, then he should be attached as for a contempt of the court. The third cause assigned in the motion in arrest was, it will be seen, that the court was not authorized to make the order to attach the appellant. This indicates clearly and conclusively, we think, that the motion in arrest was not made by the appellant until after the court had made and rendered its final order and judgment. It is well settled, that the motion in arrest must precede the rendition of judgment, and can not be made after judgment. *Smith* v. *Dodds*, 35 Ind. 452 ; Buskirk Practice, 264, *et seq.*, and the authorities cited. We are clearly of the opinion, therefore, that the appellant's motion in arrest in this case was made too late, and that no question for our decision is thereby presented.

3. The third alleged error is the decision of the circuit court, in overruling the appellant's motion to set aside the objections to his final settlement report, filed by G. T. B. Carr, Esq., as attorney for the heirs of the decedent. It appears from the bill of exceptions in this case, that, on the 18th day of September, 1876, the appellant filed a written motion to reject and set aside the objections to his final report, for certain reasons specified in said motion ; but the record wholly fails to show that the court ever decided said motion, or that any exception was saved or reserved by the appellant to any decision thereof. This third error, therefore, is not found in the record, and of course presents no question for our decision.

4. The fourth error complained of by the appellant is

the final order of the court, that if the appellant failed to pay over, within sixty days, the amount of money found to be in his hands, belonging to the heirs of his intestate, then he should be attached as for a contempt of the court. The entry of this final order or judgment, as the same appears in the record, does not show that the appellant objected or excepted at the time, either to the form or substance of the whole or any part of such order or judgment. In the bill of exceptions is the following statement, which apparently has reference to the final order, or judgment of the court in this case, to wit : " Said administrator objected at the time to said finding, order and judgment rendered in said cause, for the reason, as claimed by him, that the court had no power or authority to render said order and judgment." The record fails to show that the court, in terms, overruled these objections, or that the appellant excepted to any such decision. An objection is not an exception in any legal sense. An objection may not be insisted on ; if overruled or sustained, the party aggrieved by such ruling must except thereto at the time, in the mode prescribed by law, or he can not afterward complain of it. It is firmly settled by the decisions of this court, that unless an exception is taken and entered in the record, at the time and in the manner prescribed by the statute, the objection will be waived. Buskirk Practice, 289, and authorities cited.

It follows, therefore, that the fourth alleged error is not properly saved in the record, and presents no question for our decision.

5. The fifth error is, that the whole proceeding and judgment of the court were unauthorized and void. The appellant has failed to save and present any question, in the record, which would enable us to say that the proceeding and judgment of the court in this case were unauthorized and void. It will be readily seen, from what we have al-

ready said, that the appellant is in no condition to complain in this court of the proceedings and judgment of the circuit court, in this case.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled