## Tomlinson v. Beard.

Bill of Exceptions.—*Evidence.*—*Dismissal of Action by Default of Plaintiff.*—*Appearance.*—On appeal to the Supreme Court, from a refusal of the circuit court, on affidavits and counter affidavits, to reinstate a cause wherein judgment of default and dismissal had been rendered against the plaintiff on the withdrawal of appearance by his attorneys, the bill of exceptions must contain all of the evidence offered on the trial of the motion to reinstate.

From the Marion Circuit Court.

*J. S. Harvey, G. W. Galvin* and *S. A. Huff,* for appellant.

Howk, C. J.—This was a suit by the appellant, as the payee, against the appellee, as the maker, of two promissory notes, in a complaint of two paragraphs, each of which counted upon one of the notes.

It appeared from the complaint, that, at the time the suit was commenced, neither of the two notes sued upon had become due. With his complaint, however, the appellant filed his affidavit, under and in accordance with the provisions of section 664 of the practice act, to obtain a writ of *ne exeat* against the appellee. 2 R. S. 1876, p. 274.

Upon the filing of this affidavit, a writ was issued to the sheriff of Marion county, by virtue of which the appellee was arrested, and entered into a recognizance of special bail, with sufficient surety, as required by the statute. Afterward, the appellee filed his answer, admitting the execution of the notes sued upon, but denying the matters alleged in said affidavit.

After the cause had been thus put at issue, the record shows that the appellant's attorneys withdrew their appearance for him; whereupon, " on motion of the defendant, said plaintiff is now three times loudly called for in open court, and, failing to appear and prosecute his suit, the same was dismissed at his costs, and judgment was rendered accordingly.

On the next day, the appellant appeared, and, upon his affidavit filed, moved the court to set aside the default and judgment taken and rendered against him. The appellee appeared to this motion and filed his counter affidavit; and the court overruled said motion, and refused to set aside said default and judgment, to which decision the appellant excepted, and has appealed therefrom to this court.

The only error assigned by the appellant is the decision of the circuit court in overruling his motion to set aside the default and judgment rendered against him for costs; whereas he said that " the court should have set aside said default and reinstated said writ of *ne exeat*, and heard and determined the same."

It seems to us that, if there was any error in the proceedings and judgment of the circuit court in this cause, the appellant has wholly failed to save and present the same in such manner as to render such error available for the reversal of the judgment below. The bill of exceptions, set out in the record, does not even purport to contain all the evidence submitted to the court, upon the hearing of the appellant's motion to set aside the default and judgment taken and rendered against him. In truth, the record discloses the fact that the bill of exceptions does not contain all the evidence upon which the appellant's motion was heard and determined; for the appellee's counter affidavit was not set out in said bill of exceptions. In such a case, it may be regarded as settled, that this court will not disturb the decision of the court below upon mere

questions of fact. *Railsback* v. *Greve*, 58 Ind. 72; and *Brownlee* v. *Hare*, 64 Ind. 311.

From the record of this cause, which the appellant has presented to this court, we can not say that the circuit court erred in overruling his motion to set aside the default and judgment rendered against him; and, therefore, we are bound to say that the court did not err in that ruling, as all the presumptions are in 'favor of the correctness of the court's decision. *Myers* v. *Murphy*, 60 Ind. 282.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.