#### DUGAN v. TRISLER ET AL.

SUPREME COURT.—*Exception to Judgment.—Practice.*—An entry, by the clerk of a circuit court, following a judgment, in the words, "To which judgment the plaintiff objects and excepts," is not sufficient to present any question for the determination of the Supreme Court.

SAME.—*Evidence.—Bill of Exceptions.*—Where, on appeal to the Supreme Court, it is apparent on the face of the bill of exceptions, that it does not contain all the evidence given on the trial of the cause, that court can not review alleged errors relating to the weight, sufficiency or admissibility of evidence.

INSTRUCTIONS.—*Promissory Note.—Mortgage by Husband, to defeat Collection of Alimony Judgment.—Fraud.— Want of Consideration.—Divorce.*— In an action by the mortgagee, against the mortgagor and his divorced wife, to foreclose a mortgage on land, executed by the mortgagor alone, prior to the rendition of the decree for divorce and of a judgment for alimony, she answered that the mortgage was given without consideration, in contemplation of her securing such judgment for alimony, and solely to defeat her in collecting the same. See opinion, for instructions as to alleged fraud and want of consideration.

From the Decatur Circuit Court.

*J. S. Scobey* and *W. B. Wilson,* for appellant.

*J. D. Miller, F. E. Gavin, J. L. Bracken* and *O. B. Scobey,* for appellees.

SCOTT, J.—Dugan brought suit on a note and mortgage executed by Francis M. Trisler. The note was dated March 4th, 1876, and the mortgage March 24th, 1876.

The complaint avers, that Margaret Trisler, at the February term, 1877, of the Decatur Circuit Court, obtained a judgment against Francis M. Trisler, for the sum of one thousand four hundred and fifty dollars; that her said judgment was a junior lien upon the real estate mentioned in the mortgage. Prayer for judgment and foreclosure, and for general relief.

Francis M. Trisler made default, and Margaret Trisler answered in four paragraphs:

1. No consideration;
2. Payment;

Dugan *v.* Trisler *et al.*

3. No consideration as to the sum of five hundred dollars; and,

4. That the mortgage was made by Francis M. Trisler, in anticipation of a divorce suit with which she, the said Margaret, was threatening the said Francis M. Trisler; that the mortgage was executed without any consideration but for the purpose of preventing her from obtaining any thing on any judgment which she might recover against him, the said Francis, in the divorce proceeding.

Reply, general denial.

Trial by jury; verdict for the plaintiff, as against Francis M. Trisler, and verdict for Margaret Trisler. A motion for a new trial was made by Dugan, and written causes filed, which motion was overruled, and exception reserved. The court rendered judgment on the verdict, against Francis M. Trisler and in favor of Dugan, for the sum of one thousand seven hundred and eighty-one dollars and twenty-five cents, and then follows this entry: "And it is further considered and adjudged by the court, that the mortgage in suit is fraudulent and void as against the defendant Margaret Trisler, and that she recover of and from the plaintiff her costs and charges herein expended." Then follows this entry by the clerk: "To which judgment the plaintiff objects and excepts, and prays an appeal to the Supreme Court of the State of Indiana, which is granted."

The errors assigned in this court are:

1. The circuit court erred in overruling the appellant's motion for a new trial; and,

2. The circuit court erred in refusing to adjudge and decree a foreclosure of said mortgage in favor of said plaintiff.

No motion was made in the court below, to correct the judgment. The entry, "To which judgment the plaintiff objects and excepts," is not sufficient to present any question for the determination of this court.

The appellant, in his motion for a new trial, assigns the following causes :

1. The verdict of the jury is not sustained by the evidence ;

2. The verdict of the jury is contrary to the evidence ;

3. The jury disregarded the instructions of the court, and the clear preponderance of the evidence ;

4. The court erred in refusing to withdraw from the jury certain evidence given on the trial, which was objected to at the time, etc. ;

5. The court erred in each of the instructions given to the jury, as appears on paper marked " Instructions;" and,

6. The court erred in refusing to give each of the following charges asked to be given by the plaintiff :

" 1st. Evidence has been offered to you, tending to show bad faith in the execution of the note and mortgage made by the defendant Francis M. Trisler to John Harlan. On more mature reflection, the court withdraws from your consideration all evidence on the subject referred to.

" 2d. Evidence has been offered to you, tending to show bad faith on the part of Francis M. Trisler in executing the note of John Harlan and the mortgage securing the same. All such evidence can only avail the defendant after she has shown that the plaintiff had knowledge of such bad faith and participated therein, and not then, if you believe from the evidence that the note and mortgage of plaintiff were executed in good faith."

7. The court erred in the admission of certain testimony of Margaret Trisler, on the trial of the cause.

In the bill of exceptions purporting to contain the evidence, at the conclusion of the testimony of Thomas Mozingo, the following appears : " Ex. A introduced ; " which we understand to mean " Exhibit A." Also, at the conclusion of the testimony of Henry Carter, the following : " Ex. B introduced ; " which we understand to mean " Exhibit B." These exhibits are nowhere to be found in

the record. What they contained, we are unable to say. It is certain, however, that all the evidence is not in the bill of exceptions. *Railsback* v. *Greve*, 58 Ind. 72. This being the state of the record, we are unable, under the rules of this court, to review the alleged errors numbered 1, 2 and 7 in appellant's motion for a new trial. *Brownlee* v. *Hare*, 64 Ind. 311.

The court, in its instructions to the jury, did withdraw the evidence complained of in the 4th cause for a new trial; and the error, if any, was thereby cured.

The court instructed the jury as follows :

" 1. This suit is brought by the plaintiff, against the defendant Francis M. Trisler, to recover a judgment on a note and also to foreclose a mortgage made to secure the same, on the real estate described in the complaint. He makes no defence; so that your verdict must be against him for the full amount of the note, except as to the sum of three hundred dollars which the parties agree should be placed as a credit on the note at the date of its execution, that much of it being simply to indemnify the plaintiff against loss by reason of his being defendant's surety for that amount on a note to Mr. Ewing, which note the defendant Francis M. subsequently paid.

" 2. Mrs. Trisler, having a judgment which is a lien on the property described in the mortgage, is also made a party defendant.

"She answers,

" 1. That the note sued on was executed without consideration ;

" 2. Payment, and also that the mortgage was given for the purpose of defrauding her in the collection of her judgment.

"As the issues stand, I have concluded to withdraw from you all the evidence relating to the Harlan and other mortgages; you will, therefore, entirely disregard this

evidence in making up your verdict. The only question for you to consider then is, was the note given for a consideration? The burden of proof is on the defendant Mrs. Trisler, to make out this defence. I have said your finding must be against Francis M. Trisler, and, *prima facie*, it should be against Mrs. Trisler also. The note imports a consideration. Dugan and Trisler both swear it was given for borrowed money. This is the question of fact for you to determine. Mrs. Trisler has been allowed to introduce circumstances tending to support her defence. She has been allowed to introduce evidence tending to show the financial character of Dugan and Trisler, for the purpose of proving, on the one hand, that Trisler "did not" need to borrow the money, and, on the other, that Dugan had no money to lend. Before anything can be inferred from circumstances, the circumstances themselves must be fully proven as facts are required to be proven where the case rests on direct facts and not on circumstances. When proven, it is your duty to draw from them the natural and not strained inferences. The character of the parties has nothing to do with her rights. If you find that the note was given for borrowed money, then your finding should be for the plaintiff, against both of the defendants. But if it was not, and was a mere sham and pretext to cover up this property, then the mortgage stands in the way of Mrs. Trisler's collecting her judgment, and she is entitled to have it removed.

"3. You are the judges of what facts have been proven, and of the credibility of the witnesses. You may consider their relations to each other, and their characters and standing as shown by the evidence introduced before you, in determining what weight you will give to their statements. If, from the whole evidence, then, you shall find that the note was given for borrowed money, your finding should be for the plaintiff; but, if it was given without any

consideration, then it should be in favor of the defendant Margaret Trisler, but against the defendant Francis M. Trisler for the full amount, deducting, as I have said, the three hundred dollars paid to Mr. Ewing."

We are unable to see any objection to these instructions, and none has been pointed out; indeed, it seems to us that the instructions placed the issue before the jury quite favorable to the appellant, and fully covers the points made in the instructions asked by him.

As to the 7th cause for a new trial: There was a great deal of testimony allowed to go to the jury, over the objection of the appellant; but, as the whole evidence is not before us, we are unable to say that it was improper, or that the rights of appellant were in any way prejudiced thereby. The main issue in the case, that the note was without any consideration, seems to have been fairly passed on by the jury, and by the court in its ruling on the motion for a new trial; and we are unable to see any error in the record.

The judgment is affirmed, at the costs of the appellant.

Opinion filed at November term, 1879.