MILLIKAN ET AL. *v.* THE STATE, EX REL. BISHOP ET UX.

SUPREME COURT.—*Weight or Sufficiency of Evidence.—Record.—Failure to set out all the Evidence in Bill of Exceptions.*—The Supreme Court will not disturb a verdict or finding, upon any question as to the weight or sufficiency of the evidence, where it is apparent that the bill of exceptions does not contain all the evidence.

GUARDIAN AND WARD.—*Action on Lost Bond.—Evidence under General Denial, Denying Execution of.*—In an action on a guardian's bond, alleged to have been lost or mislaid, wherein the answer was a general denial, evidence by the defendants, denying that they had ever executed the alleged bond, was material as tending to dispute the existence thereof.

From the Tipton Circuit Court.

*C. E. Hendry* and *D. Waugh,* for appellants.

*J. O'Brien* and *M. Garrigus,* for appellee.

HOWK, J.—This was a suit by the appellee's relators, against the appellants, upon a bond executed by the appellant Millikan, as guardian of the relatrix, Mary E. Bishop, formerly Mary E. Lee, and by his co-appellants, as his sureties therein. It was alleged in the complaint, that the bond in suit was given as an additional bond, upon the guardian's petition to the proper court for an order authorizing him to sell his ward's real estate in Tipton and Orange counties, Indiana; that the bond was conditioned according to law; that it had been "lost or mislaid," so that a copy thereof could not be filed with the complaint; and that, before the commencement of this suit, the guardianship of said Mary E. Bishop was legally discharged by her marriage to the relator, Patrick L. Bishop, a person of full age, and it had become the legal duty of said Millikan, as such guardian, to account to his said ward, with the assent of her husband, for her estate.

As breaches of the bond in suit, the relators alleged in their complaint, with great particularity and in detail, certain fraudulent conduct on the part of said Millikan, as such guardian, in the management of his ward's estate; that he had not faithfully discharged his duties, as guardian of the person and estate of said Mary E. Bishop; and, especially, that he had not faithfully paid over and accounted for the proceeds of the sale of his ward's real estate, according to law, but had converted the same to his own use.

Answers and replies were filed, and the cause, having been put at issue, was tried by a jury, and a general verdict was returned for the appellee's relators, assessing their damages in the sum of $2,091.18. The appellants' motion for a new trial having been overruled by the court, and their exception entered to this ruling, judgment was rendered on the verdict.

In this court, the appellants assigned four different errors, based upon the rulings of the court on the pleadings, adverse to them ; but as their counsel, in their brief of this cause, have wholly failed to point out any error in these rulings, or to discuss any question arising thereon or connected therewith, we must regard these four alleged errors, if they exist, as at least impliedly waived.

The fifth and last error assigned by the appellants is the decision of the court in overruling their motion for a new trial; and their counsel have confined their entire argument, in this court, to the consideration of such questions as could only arise under this alleged error. We will consider and pass upon these questions, in the same order in which counsel have presented them.

The first point made by the appellants' counsel is, that a new trial ought to have been granted, " because the verdict of the jury was not sustained by the evidence." A bill of exceptions, purporting to contain " all the evidence given in the cause," is properly in the record ; but it is apparent, in many instances, on the face of this bill, that it does not contain all the evidence adduced upon the trial, in the court below. In such a case, it is settled by the decisions of this court, that the judgment below will not be reversed upon any question as to the weight or sufficiency of the evidence. *Railsback* v. *Greve,* 58 Ind. 72; *Gale* v. *Parks,* 58 Ind. 117 ; and *Brownlee* v. *Hare,* 64 Ind. 311.

The next point discussed by the appellants' counsel, in argument, is that the court committed an error " in refusing to allow the defendants to prove, on the trial of said

cause, that he" (the appellant James H. Martin) " never executed any such bond as that mentioned in the complaint, and that he never executed any additional bond, as surety for the defendant Millikan." Upon this point, the bill of exceptions shows, that the appellants, " at the proper time, produced, as a witness, James H. Martin, by whom they proposed and offered to prove, that he and the other defendants never executed any such bond as that mentioned and declared upon in the complaint in this action; to the giving of which evidence the relators objected, on the ground that the evidence was immaterial; and the court sustained said objection," etc. The question for our decision, fairly presented by the record, is this : Did the court err in sustaining the relators' objection to the offered evidence, and in excluding it from the jury ?

The relator's complaint counted, as we have seen, upon a guardian's bond, which, it was alleged, had been "lost or mislaid." To the complaint the appellants answered, among other things, by a general denial thereof. Under the issues, the existence, loss and contents of the bond in suit were necessary facts to be established by the relators, by a fair preponderance of the evidence. The execution of the bond was not put in issue by an answer under oath; and if the evidence offered by the appellants would have proved, or tended to prove, nothing more than the mere non-execution of the bond, it would of course have been immaterial. But the existence and loss of the bond, as alleged, were material facts and were in issue, in this case, by the appellants' general denial of the relators' complaint; and it seems to us that the evidence offered was material to this issue, because it would have tended to prove the non-existence of the bond in suit, and that such bond had never been lost. For, if the bond sued on had never been executed by the appellants, it never had any existence, and, if it never existed, it could not have been lost. It is not

our province to determine the weight which should be given to the evidence offered; but it can not be said, we think, that this evidence was immaterial, and that was the ground of the relators' objection to its admission, and upon which it was excluded from the jury. 1 Greenl. Ev., sec. 558.

Some other points were stated by the appellants' counsel, in their brief of this cause; but, as they have failed to discuss them, we must decline to consider or decide any question thereby presented.

For the reason given, we are of the opinion that the court erred in overruling the appellants' motion for a new trial.

The judgment is reversed, at the costs of the appellee's relators, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.