Howk, C. J.
— On the 23d day of November, 1875, Nancy Eouty and Thomas J. Eouty, her husband, filed their complaint in partition against Evalinc Fouty and others, in the ■court below; in which complaint they alleged, in substance, that the plaintiff: Nancy Fouty was the owner in fee simple -of the undivided two-fifteenths of the real estate therein described, in Shelby county, Indiana ; that the defendant Eva-line Fouty was the owner in fee simple of the undivided ■one-third of said real estate ; and that the defendants Jane Fouty, Emily Shadley, Mary E. Fouty and Amos Fouty, were each the owner in fee simple of the undivided two-fifteenths of said real estate. Wherefore, etc.
Afterward, on the 6th day of March, 1876, Martha Ripple, John Ripple, George Ripple, Martha E. Phillips and Pleasant Howlett, upon their own application, were made defendants to the action, on the ground that they jointly were the owners in fee simple of the undivided one-fifth part of the Teal estate in controversy; and they filed their answer and cross complaint, asserting their title to and interest in said real estate, alleging that the same was not susceptible of division without damage to the parties, and praying for the sale thereof by a commissioner, under the order of the court. -On the 26th day of October, 1876, the original defendants to the action, having each been duly summoned to answer the original complaint, were severally called and each made default.
. On the 6th day of January, 1877, the cause, being at issue, “by agreement of the parties,” was submitted to the court for trial and judgment; and a finding was made, that the plaintiff Nancy Fouty, and the defendants named in her complaint, and the said cross complainants were the owners in fee simple, as tenants in common, of said real estate, set *335 ting out their respective interests therein ; that the said Nancy Fouty’s interest in said realty was discharged from the lien of a certain mortgage to one Lydia A. Randall; that the interests of said Martha Ripple and the other new defendants were free from any incumbrance on the realty, except the taxes thereon ; and that the said real estate was not susceptible of division without material injury to the owners thereof. Thereupon judgment was rendered for the sale of said real estate, prescribing the notice, terms, etc., of such sale, and appointing one John R. Sedgwick a commissioner to make such sale, and directing that the proceeds of such sale, after the payment of just costs and expenses, should be paid into court by said commissioner, “subject to the further order of the court, and the rights of the mortgage and judgment creditors of the parties in and to the same.”
Afterward, on July 7th, 1877, the said Sedgwick, commissioner, made his written report, duly verified, that, pursuant to said order of sale, he had, on that day, offered and sold at public auction the said real estate, in fee simple, to the said George C. Morrison for the sum of $2,133.60, that being the highest and best bid made therefor, and two-thirds of the appraised value thereof; of which sum said Morrison had paid $711.20 in cash, and for the residue had given his two notes in equal sums, with approved security, and payable respectively with interest in nine and eighteen months from day of sale ; that before his said sale the said Morrison had purchased the said real estate at a tax sale by the county treasurer, for delinquent taxes thereon; and that out of the cash payment of $711.20 he had allowed and paid the said Morrison, in the redemption of said realty from said tax'sale, the amount due thereon, to wit, the sum of $182.72, leaving a balance of $528.48 of the cash payment in his hands.
On said 7th day of July, 1877, the said George C. Morrison filed his verified petition in said cause, representing that he had become the purchaser of said real estate, at the com *336 missioncr’s sale thereof, undertthe order of the court; that, by said order and the terms of said sale, all existing liens on said real estate were to be paid out of the proceeds of the sale thereof; and he asked the court to reform its order so that the commissioner might be directed and required to jmy, out of the proceeds of the sale of said real estate, the liens thereon in the order in which they occurred, first discharging the prior liens ; that he should then apply the said Nancy Eouty’s share of the money in his hands as commissioner, on the note and mortgage of Love and Conner, and of Hord and Blair ; that the said commissioner should be directed to apply the monej''s in his hands, belonging to all the other parties to the suit, except the heirs of Henry Ripple, deceased, on the note and mortgage of Lydia Randall; and that the court direct the payment of all existing liens on said real estate.
Thereupon the court approved, ratified and confirmed the sale of said real estate to said Morrison by said commissioner ; and the court granted the prayer of said Morrison’s petition, and, pursuant thereto, required and directed the commissioner, out of the proceeds of said sale, to pay off and satisfy all existing liens on said real estate.
Afterward, on October 1st, 1877, all the parties to the original action, plaintiffs and defendants, appeared by coun sel and filed their written motion, for certain reasons therein stated and verified, to vacate the order of the court confirming the commissioner’s report of sale, and to direct him to correct his report of sale, and to charge himself therein with one-third of the purchase-money of said real estate, and to vacate, set’ aside and annul the order of the court requiring the said commissioner to pay off and discharge said mortgage and other liens, and for all other proper relief. The other parties to this action, the commissioner Sedgwick, and the purchaser Morrison, appeared and filed affidavits in response to said motion of the appellants, who also filed *337 •additional affidavits in support of their motion. Upon the hearing of this motion, it was overruled by the court, and to this ruling the appellants excepted; and thereupon they moved the court for a new trial of the matters arising under said motion, and, said motion for a new trial having also been overruled, they also excepted to this decision. The appellants then prayed an appeal from the trial court to this court, “upon a reservation of the questions of law, decided by the court, in overruling the motion to vacate, etc., as aforesaid, which appeal is granted ; and thereupon the parties aforesaid notify the court that they intend to take the .questions of law aforesaid to the said Supreme Court, upon a bill of exceptions only, .showing said ruling and decision and so much of the record hereof and the statement of the court, as will enable the said Supreme Court to apprehend the questions involved.”
The following decisions of the circuit court have been assigned as errors, by the appellants, in this court:
1. The circuit court erred in overruling the appellants’ motion to vacate the order confirming the commissioner’s report of sale, etc.; and,
2. The court erred in overruling their motion for a new trial.
The questions presented in this case for the decision of this court seem to us to arise under the first of these alleged errors, and we deem it necessary to a clear understanding of those questions, and of our decision thereof, that we should set out the substance of the appellants’ written motion for the vacation of the order confirming the commissioner’s report of sale.
In their motion the appellants showed to the court that, on July 7th, 1877, the commissioner appointed by the court to sell the real estate, of which partition was prayed for in this cause, sold said realty at public auction to George C. Morrison, on the following terms, to wit: One-third of the *338 purchase-money in cash and the residue in two equal payments, at nine and eighteen months’ credit, the purchaser giving his notes therefor, with sufficient personal surety, ■waiving valuation laws and bearing six per cent, interest from the day of sale; that the said sale was not made to said Morrison upon any other terms or conditions whatsoever; that at said sale there was no warranty made by said commissioner of a clear and indefeasible title to said land, free and discharged of all liens or incumbrances thereon ; that, after making said sale, the commissioner made his report ¡thei’eof to the court, in which report, mistaking the law and his duties in the premises, among other things he showed that said purchaser had, before that time, bought said real estate at a tax sale, from the treasurer of Shelby county, for delinquent taxes thereon, and had paid therefor at such sale the sum of $182.72, and that he, the commissioner, had deducted said sum from the cash to be paid by said Morrison to him on his sale of said realty; and the appellants averred that such a disposition of the proceeds of said sale was in violation of the law and contrary to the rights of the parties to this action, and that the commissioner had asked the court to approve and confirm his said report. And the appellants further showed the court that the said sale occurred on the 7th day of July, 1877, just at the hour of the adjournment of the court for its May term, 1877, on the last day of said term ; that said report, though purporting to have been made on that day, in fact was not made until afterward, and after the said term had expired by limitation of law; that after the expiration of said term, and after the making of said report of sale, the said Morrison filed a petition for the reformation of an order of the court previously made, which petition purports to have been made on the day of said sale; that the appellants were not present when said report of sale and petition were filed, and that they had no knowledge thereof nor of their contents until long after *339 ward, and that at no timo had they consented thereto, or to the prayers and demands thereof; that after the expiration of said term, and the filing of said report and petition, the record was made up and signed, and said report confirmed and said petition granted, as of the last day of said term, of which the appellants had no knowledge until afterward, and to which they did not consent; that, upon granting said petition, the court ordered and directed the commissioner, after the payment of costs and expenses, to apply the balance of Nancy Eouty’s interest in the payment of certain liens therein named, and out of the residue of the interests of all the parties, except the interests of Nancy Eouty and of the Ripple heirs, he should apply a sufficient amount to the payment of certain mortgages and other liens therein mentioned ; and the appellants averred that the said Morrison bought said real estate subject to all mortgages and judgment liens thereon, and not otherwise, and that the order of the court, in confirming the report as to the deduction of the delinquent taxes from the purchase-money, and the order of the court directing the commissioner to pay off and discharge the aforesaid liens, were illegal and contrary to the rights of the appellants.
Upon the facts alleged, they moved the court to set aside the order confirming the report of sale, and the order di.recting the commissioner to pay off the existing liens on the realty, out of the proceeds of the sale thereof.
It will be observed that, in this motion, the appellants have found no fault with, and made no objection to, any part or portion of the interlocutory judgment and order of the court, in this case, providing for the sale of the real estate in controversy, upon the ground that it was not susceptible of division without damage to the owners, and appointing a commissioner to make such sale. It follows, therefore, that the interlocutory judgment and order of the court must be regarded, in the consideration and determination of the *340 questions presented for decision, as having been agreed to and accepted, iii all its provisions, by the appellants as a veil as the appellees, and as free from mistake or error of any kind. In the closing sentence of the interlocutory judgment and order of the court, in this case, it Avas provided as follows : “And it is further ordered, adjudged and decreed by the-court, that the proceeds of said sale, after payment of just costs and expense herein, be paid by said commissioner into court, subject to the further order of the court, and the rights of the mortgage and judgment creditors of the parties in and to the same.”
It seems to us that there is very little room, if any, for doubt in regard to the actual meaning and intention of the court in the language, just quoted, of its interlocutory judgment and order in this case. It was certainly intended by the court that the commissioner should sell the lands in controA'ersy free from the liens thereon “of the mortgage and judgment creditors of the parties,” that the proceeds of such sale, after deducting therefrom just costs and expenses, should be paid by said commissioner into court, subject to the liens of such mortgage and judgmént creditors, to be paid and satisfied, under “the further order of the court,” out of the proceeds of sale, and that the said liens of said creditors, on the real estate, should be transferred to the proceeds 'of the sale thereof, Avhen so paid into court. This, we think, is a fair construction of the language quoted from the interlocutory judgment and order of the court in this case ; and to this judgment and- order the appellants, as Ave have seen, did not object nor except at the time they Avere rendered and made, nor did they ask, in their motion now under consideration, that the same might be set aside and vacated. The only apparent difference betAveen the interlocutory judgment and order of the court, as Ave construe its provisions, and the order made after the sale of the real estate, Avhich the appellants moved the court to vacate and set aside, *341 is that, in the later order, the commissioner was authorized and directed to pay the mortgage and judgment creditors of the parties, out of the moneys received by him from the sale ■of the real estate ; while, under the interlocutory judgment and order, he had been directed to pay the proceeds of such sale into court, “subject to the further order of the court, and the rights of the mortgage and judgment creditors of the parties in and to the same.”
It seems to us, therefore, that the court intended to order, and did order, the real estate to be sold, free from the liens thereon of the mortgage and judgment creditors of the parties to the action, and that such liens should be paid off. and satisfied, out of the proceeds of such sale, under the further order of the court.
It will be seen, however, from our statement of this case, that the appellants have appealed to this court “upon a reservation of the questions of law, decided by the court, in overruling the motion to vacate, etc.,” the order confirming the report of sale, and the order directing the commissioner to pay off the existing liens on the realty, out of the proceeds of the sale thereof. Such an appeal is authorized, governed and controlled by the provisions of sections 347 ■and 348 of the code. 2 R. S. 187(5, p. 177. Under these sections of the code it is clear, we think, that only questions of law, decided by the trial court, can be reserved and brought, by appeal, to this court. Here lies the difficulty, as it seems to us, with the questions reserved by the appellants in the case at bar. The questions decided by the court, “in overruling the motion to vacate,” etc., were questions •of fact rather than of law, as is apparent on the face of the motion, the substance of which we have heretofore given. 'The motion was founded upon, and supported by, divers •affidavits, and the allegations of facts in these affidavits were met and controverted in and by certain counter affidavits. 'The fundamental question presented in the appellants’ mo *342 tion was this : Was the real estate in controversy to be sold, or was it in fact sold, under the- order of the court, subject to all existing liens thereon? Surely, this was a question of fact and not of law, dependent for its proper answer upon the terms ■ of the order of the court, under which the sale was to be and was made. We have already considered and’ construed the terms of the interlocutory order and judgment of the court, and we are clearly of the opinion that the court intended to order, and, in legal effect, did order, that the real estate should be sold, free from all existing liens thereon, and that the proceeds of such sale, after the payment of just costs and expenses, should be paid into court by the commissioner, “subject to the further order of the court, and the rights of the mortgage and judgment creditors of the parties in and to the same.”
If the trial court, upon the hearing of the appellants’, verified motion to vacate, had found the facts alleged therein to-be true, questions of law would have arisen thereon- which might very properly have been reserved and brought to this court, by an appeal, under the provisions of said sections 347 and 348 of the code. But the record of this cause contains no finding by the court of the truth of the facts alleged in said motion, and we can not assume them to be true ; on the contrary, as the case comes before this court, we would be bound to assume that the alleged facts were not true, if such assumption were necessary to the affirmance of the judgment below. We are led to the conclusion that no questions of law have been reserved in the record now lie-fore us, and that, for this reason, the first alleged error presents no such question for our decision. Starry v. Winning, 7 Ind. 311; Garver v. Daubenspeck, 22 Ind. 238; Love v. Carpenter, 30 Ind. 284 ; Bissell v. Wert, 35 Ind. 54.
In their motion for a new trial of the questions arising-under their motion to vacate, etc., the appellants assigned, the following causes therefor:
*343 1. The decision of the court, in overruling said motion, ' was contrary to the evidence introduced thereon ;
2. Said decision was not sustained by said evidence;
3. The decision was contrary to the affidavits read in evidence on the hearing of said motion ;
4. The decision was not sustained by the affidavits read in evidence on the hearing of said motion ; ■
5. The decision was not sustained by the record of this cause; and,
6. The decision was contrary to law.
We are of the opinion that no question is presented for the decision of this court by the supposed error of the trial court in overruling the appellants’ motion for a new trial of their motion to vacate. The bill of exceptions fails to show that it contained all the evidence introduced by the parties on the trial or hearing of the appellants’ motion to vacate. In such a case it may be regarded as settled that this court will not reverse a judgment upon any questions dependent for their decision upon the weight or sufficiency of the evidence ; and these are the only questions presented by the-appellants’ motion for a new trial in this case. Railsback v. Greve, 58 Ind. 72 ; Brownlee v. Hare, 64 Ind. 311; Hammon v. Sexton, 69 Ind. 37.
We find no error in the record of this cause.
The judgment is affirmed, at the appellants’ costs.