### GABE v. McGINNIS ET AL.

PROMISSORY NOTE.—*Action by Assignee Against Maker.—Defence.—Pleading. —Can not be Double.*—To the complaint by the assignee, against the makers, of a promissory note not governed by the law merchant, the defendants, "for answer, and by way of cross-bill," admitted the execution of such note in the character of principal and surety, but alleged, that it was executed to the payee, for a balance due upon a former promissory note held by such payee against such defendant principal, only, and merely for convenience in making credits thereon, as no space for that purpose remained upon the former note; that such former note was executed for a balance supposed to be due to such payee upon the dissolution of a business partnership theretofore existing between such payee and principal, but, inasmuch as such supposed balance was shown by a state-

ment of such business prepared by such payee, only, and without an opportunity by such principal to ascertain its correctness, he had executed it solely at the solicitation of the payee and upon his promise to make a full showing as to such statement and correct any mistakes, omissions or overcharges therein, by reducing the amount of said note; that such payee had failed and refused to make such showing; that he had made overcharges and omissions, as to certain matters, specified, in various sums, aggregating more than the amount of the note in suit, and for which the principal was entitled to relief; and such pleading prayed that such payee be made a party to the action and required to make such showing, and demanded judgment for the excess of such counter-claim over the note in suit.

*Held,* on demurrer, that such pleading was intended as a counter-claim against such payee.

*Held,* also, that it did not state facts sufficient to constitute either a counter-claim, as against such payee, or an answer, as against the plaintiff.

*Held,* also, that such pleading, being intended as a counter-claim against such payee, could not at the same time be an answer against the plaintiff.

From the Monroe Circuit Court.

*J. W. Buskirk, J. H. Louden* and *H. C. Duncan,* for appellant.

Howk, J.—Appellant, as plaintiff, sued the appellees, as defendants, in the court below, upon a promissory note, of which the following is a copy:

" $583.66.                                    January 8th, 1871.

" One day after date, we promise to pay to James Small, or order, five hundred and eighty-three and $\frac{66}{100}$ dollars, with interest at ten per cent. per annum, value received, without any relief whatever from valuation or appraisement laws.

(Signed)                     "ARCHIBALD McGINNIS.

                              " ELIZABETH McGINNIS." ·

And it was alleged in appellant's complaint, that on March 2d, 1874, James Small, the payee of said note, by indorsement in blank thereon, a copy of which indorsement was filed with said complaint, assigned said note to the appellant; that on the — day of ——, 1874, said Elizabeth McGinnis died, and appellee Mary Small was administratrix, with the will annexed, of said decedent's estate, and that the said note remained unpaid.

And the appellees, "for answer, and by way of cross-bill" in said action, said, in substance, that they executed the note in appellant's complaint mentioned, but that in 1866, the payee of said note, James Small, and appellee Archibald McGinnis entered into partnership in the wagon making business, the said Small undertaking on his part to furnish a shop and smith's tools, the wood-work of wagons, and all other material and capital neces-sary to carrying on said business, and all iron and steel that might be necessary and proper for said business; that he agreed to charge the firm only the cost and carriage on the same, and said McGinnis was to do the work, and the profits and loss of the partnership were to be mutually enjoyed and borne between them; that said business and partnership were continued and carried on for, to wit, three years, in Bloomington, Monroe county, Indiana, when, by mutual consent, said partnership was dissolved and their accounts on the shop books settled and ad-justed, and the total footings of the books of said Small taken, without examination of the items or an opportu-nity given said Archibald to examine the same, and a bal-ance of —— dollars found in favor of said Small; and the said Small pretending that, for the want of time to do so then, if the said McGinnis would execute his note for said sum, he would, without unnecessary delay, make out a copy of the firm account for defendant Archibald, and if any thing was found wrong or overcharged, or im-properly charged, that the same should be corrected, and said note promptly corrected; and said appellees said that said Small being a near relation, and standing in nearly the relation to him of an elder brother, he consented to and did do so; and thereafter said Small, from time to time, renewed his promise to settle and adjust said ac-count, but failing to do so, said Archibald has reduced said amount of said ——, by credits, to the amount of the note in suit; that for the convenience of entering credits on it, the old one having little or no unwritten surface for that

purpose, he executed the note in suit for the balance then due on it, with his mother, said Elizabeth, as his security; that said Small, though often requested, wholly failed to furnish, in any form or manner, said partnership account, or to afford him any opportunity to ascertain the correctness of the same; that said Small, instead of charging said firm only cost and carriage for the iron and hardware used in their said business, charged the same at cost and carriage and twenty-five per cent. profit, making an overcharge of six hundred dollars; and instead of furnishing to appellee Archibald, as tools, the files and rasps to be used in said business, at his own expense, he charged the same against said firm at retail prices; and furnished, to be used by said partnership, parts, only, of the wood-work of five wagons, promising to furnish the residue in good time for work, and wholly failed and refused to do so until said parts, so furnished, became and were ruined and spoiled and of no value whatever, and wrongfully, unjustly and improperly charged the same against said firm at twenty-five dollars each; that said Small charged the shop rent of their shop, in said account, against said firm, at eight dollars per month, for two years and seven months, when, by the terms of said partnership, it was to have been furnished at his own expense, without charge against said firm; and that appellee Archibald was compelled, since the making of said note in suit, to pay for said firm certain described debts, amounting in all to one hundred and forty-five dollars, for one-half of which said note should be credited; that upon a full settlement of the partnership accounts, there was a balance due appellee McGinnis, and that the true condition of the partnership dealings was unknown to the makers of said note, and to each of them, at the time of its execution; and that the appellees could not, for the want of the books in the possession of said Small, state more particularly so much of their defence as was connected with said books. And appellees prayed that appellant and said Small be made

defendants to said "cross-bill," and that said Small be required to answer the same, and to produce in court his account against said firm for the correction and settlement of the same, and after paying said note, that said Archibald have judgment for the residue, and other proper relief.

In the second paragraph of appellees' answer, they alleged payment in full of the note in suit, to the payee of the note, before his assignment thereof to the appellant and before the commencement of this action.

Said James Small appeared and filed a demurrer to appellees' "cross-bill," for the want of sufficient facts therein "to constitute a defence," which demurrer was sustained.

And the appellant, also, demurred to appellees' "cross-bill," for the want of sufficient facts therein "to constitute a defence," which demurrer was overruled, and to this decision appellant excepted.

And the appellant then replied to and answered the appellees' "cross-bill" and answer, in three paragraphs, as follows:

First. A general denial of the "cross-bill" and answer;

Second. For further reply to appellees' first paragraph, or "cross-bill," the appellant said, that he admitted the partnership and the dissolution thereof, between the appellee Archibald McGinnis and said James Small, as alleged in said "cross-bill," and a settlement had between them of their partnership accounts; that upon said settlement of said accounts, a balance of one thousand eight hundred and fifty dollars was found due to said Small; that the matter so remained for some time, and said Small demanded of said Archibald a final settlement, when the latter claimed that some things in said Small's account were too high; that said Small then proposed to deduct one hundred dollars from his account, if said Archibald would settle the remainder by note, and said Archibald accepted this proposition and executed his notes to said Small for one thousand seven hundred and fifty dollars;

that said Archibald had paid off one of said notes, and a considerable amount on the other of said notes, when, on January 8th, 1871, after deducting the payments made on said other note, an unpaid balance of five hundred and eighty-three dollars and sixty-six cents was found due thereon, and said other note was then taken up by said Archibald, and the note in suit was executed for said unpaid balance; that during the settlement of said partnership accounts, said Archibald McGinnis had full and free access to the account books of said James Small, containing his account against said partnership of Small & McGinnis, and said Archibald frequently examined said account, and was well satisfied with said settlement, and with said Small's charges against said firm, and with full knowledge of the same, on the part of said Archibald, said settlement was made; and,

Third. For a further reply to appellees' first paragraph, or "cross-bill," and by way of estoppel, appellant said, that, before he purchased the note in suit from the payee thereof, he called on the appellee Archibald McGinnis, and the appellee Mary Small's decedent, and told them he was about to purchase said note, and would do so, if the note was good and there was no defence thereto; that thereupon, the said Archibald and said decedent informed the appellant that the note was good, that there was no defence thereto, and that it would be paid to him, if he became the purchaser thereof; that appellant, relying upon said representations and statements of said parties, and believing the same to be true, and by reason thereof, purchased said note; and that, at and before his purchase of said note, appellant was wholly ignorant of the matters and things set up in said first paragraph of appellees' answer, and had no knowledge of that or any other defence to said note.

Appellees demurred to the second and third paragraphs of said reply, for the want of sufficient facts therein to

constitute a reply, but it does not appear from the record that this demurrer was ever decided by the court below.

The action was tried by a jury in the court below, and a verdict was returned for the appellant, assessing his damages at the sum of one hundred and sixty dollars and twenty cents, and judgment was entered by the court below, on the verdict of the jury. Upon written causes filed, appellant moved the court below for a new trial, which motion was overruled by the court, and to this decision appellant excepted, and prayed an appeal to this court.

The appellant has assigned, in this court, the following alleged errors:

"1st. In overruling appellant's demurrer to the first paragraph, or 'cross-bill,' of appellees' answer; and,

"2d. Overruling appellant's motion for a new trial."

In considering the first alleged error and the questions thereby presented, it is exceedingly difficult to reconcile the decision of the court below, in overruling appellant's demurrer to the appellees' "cross-bill," with the decision of the same court in sustaining the demurrer of the said James Small to the same "cross-bill." One or the other of these two decisions, it would seem, must be wrong, and perhaps both were wrong, though the latter proposition is one that is not now in the case. But if the "cross-bill," as it is termed, counting, as it did, upon an alleged parol agreement of the said James Small, to which agreement the appellant was not a party, did not state facts sufficient to constitute a "cross-bill," or to entitle the appellees to relief as against said James Small, it is difficult, we might say impossible, for us to conceive, how or why the court below decided that said "cross-bill" did state facts sufficient to constitute a "cross-bill" and to entitle the appellees to relief as against the appellant, who was an utter stranger to said agreement. The appellees have filed no brief in this court in support of the decisions of the court

below, in their favor, and therefore we can only conjecture the grounds of those decisions.

In their so-called " cross-bill," the appellees admitted the execution of the note in suit, for a balance due on a former note, and because the said former note had been so covered over with credits, endorsed thereon, that " little or no unwritten surface for that purpose " remained " for the convenience of entering credits on." And the appellees alleged, that the said former note had been given to the said James Small for a balance which appeared to be due him, growing out of certain copartnership transactions between him and the appellee Archibald McGinnis, and that the said Small then and there agreed, that, if the said McGinnis would execute his note for said balance, he, the said Small, would, without unnecessary delay, make out a copy of their partnership accounts for said Archibald, and, if any thing was found wrong or overcharged or improperly charged, that the same should be corrected, and said former note promptly corrected. This alleged agreement of the said James Small is the foundation of the so-called " cross-bill," and it was alleged therein that there were overcharges and improper charges in the said copartnership accounts, as kept by said Small, to a very large amount,—specifically pointing them out,—and that said Small, although often requested, had wholly failed to keep his said agreement in any particular. There was no averment in the so-called " cross-bill," that the note now in suit was executed in pursuance or upon the faith of the aforesaid or any other agreement of the said James Small; nor was there any averment therein that the appellant had any notice whatever of any existing equities in favor of the appellees, or either of them, against said note, at or before the time the same was endorsed to him. And there was no averment in said " cross-bill," of the insolvency of said James Small, nor was any other reason assigned therein by the appellees for interjecting their

alleged counter-claim against said James Small into the appellant's action against them.

It has been repeatedly decided by this court, that a single pleading can not be permitted, under our code of practice, to perform the double function of an answer and a counter-claim, and that it must be either an answer, or a counter-claim, and that it cannot be both. It seems to us, from the averments of the so-called "cross-bill" in this case, that it was intended by the appellees to be, and was, a counter-claim against the said James Small, the payee of the note in suit. It would seem, indeed, from the demand for relief in said counter-claim, that the appellees wanted the court below to apply the damages they might recover, to the payment of the note in suit, "and, after paying said note, that said Archibald have judgment for the residue." Unless the said cross-bill stated facts sufficient to constitute a valid and legal counter-claim against the said James Small, it is evident, we think, that it would state no cause of counter-claim against the appellant. In other words, the appellees' counter-claim, or "cross-bill," would not constitute a defence to appellant's action, unless it stated facts sufficient to constitute a valid counter-claim against the said James Small.

But the court below decided, and we think correctly, upon the demurrer of said James Small, that the so-called "cross-bill" did not state facts sufficient to entitle the appellees to any relief against said Small. This decision must have been based upon the fact, which is apparent upon the face of said "cross-bill," that the matters stated therein did not constitute a legal counter-claim against said James Small. And in our opinion it follows, logically and legally, from said decision, that the said so-called "cross-bill" did not and could not constitute a valid and legal counter-claim against the appellant.

We hold, therefore, that the court below erred in overruling appellant's demurrer to the so-called "cross-bill" of the appellees.

NOVEMBER TERM, 1876.            381

As this decision will necessarily bring about the formation of other issues, and a new trial upon these issues in the court below, and as the only questions presented by the second alleged error may not arise on such new trial, we need not consider nor decide those questions now.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to the court below to sustain the appellant's demurrer to appellees' " answer and cross-bill," and for further proceedings.