## DAVIS v. BINFORD ET AL.

SUPREME COURT.—*Practice.*—*Assignment of Error.*—*Bill of Exceptions.*—*Change of Venue.*—To be available as error, on appeal to the Supreme Court, the granting of a change of venue, or the remanding of a cause to the court from which a change of venue has been taken, must be assigned as error, and the motion upon which such action is taken must be made part of the record by a bill of exceptions.

PRACTICE.—*New Trial.*—*When Motion for Made.*—A motion for a new trial can not be made at a term subsequent to that at which the cause was tried.

SAME.—*Bill of Exceptions.*—*Evidence.*—A bill of exceptions, purporting to contain the evidence given on the trial of a cause, must affirmatively show that it contains all the evidence.

SAME.—Where a motion for a new trial is made too late, an assignment as error in the Supreme Court, that the court below erred in overruling such motion, presents no question for decision.

SAME.—*Record.*—*Demurrer.*—An assignment as error, in the Supreme Court,

that the court below erred in overruling a demurrer which is not in the record, presents no question for decision.

SAME.—*Disclaimer.*—Where one of several defendants, in an action relating to real estate, files a disclaimer of all interest therein, and, by the judgment, recovers nothing against the plaintiff, the latter can not complain, in the Supreme Court, of a ruling upon a demurrer filed to the complaint by such defendant.

SAME.—*Demurrer.*—A demurrer to a pleading must clearly designate the pleading to which it is addressed.

From the Henry Circuit Court.

*B. F. Davis, J. S. Buckles, R. A. Riley* and *Davis & Black,* for appellant.

*W. March, W. R. Hough* and *H. J. Dunbar,* for appellees.

BIDDLE, C. J.—Complaint to set aside a sheriff's deed, redeem the lands sold, and to recover a money demand, brought by appellant against the appellees.

The action was commenced in the Hancock Circuit Court, and the venue changed, on the application of the appellant, to the Wayne Circuit Court.

In the Wayne Circuit Court, the appellees filed a motion to dismiss the cause, which was overruled; and also a motion to remand the cause to the Hancock Circuit Court, which was sustained, and the cause remanded to the Hancock Circuit Court.

To this ruling the appellant excepted, but has not assigned it as error in this court; nor was any bill of exceptions filed, to show us the ground of the motion.

On a second application by the appellant, the venue was changed to the Delaware Circuit Court.

On the application of the appellees, the venue was changed from the Delaware Circuit Court to the Henry Circuit Court.

To this ruling the appellant excepted, but filed no bill of exceptions, to show us on what ground the ruling was based; nor has he assigned it as error in this court.

In the Henry Circuit Court, the issues were joined, and a jury trial had, which resulted in a verdict for the appellees.

After the return of the verdict, the cause was continued until the 14th day of October, 1874, upon which day neither of the parties appeared, either in person or by attorney, and the court continued the cause until the next regular term; at which term the appellant offered to file his motion for a new trial, which was objected to by the appellees; but the court overruled the objection, and allowed the appellant to file his motion for a new trial, which was overruled, exception taken, and ninety days allowed to file a bill of exceptions.

It was too late to file a motion for a new trial at the next term after the cause was tried. *Krutz* v. *Craig*, 53 Ind. 561. What purports to be a bill of exceptions, setting forth the evidence (but it does not state that it was *all* the evidence given in the case), can not be considered as any part of the record.

Judgment was rendered on the verdict.

The alleged errors assigned by the appellant in this court are:

" 1.   Because the court below erred in overruling appellant's motion for a new trial.

" 2.   Because the court below erred in sustaining the separate demurrer of the heirs of William H. Porter to the complaint.

" 3.   Because the court below erred in overruling the appellant's demurrer to the first paragraph of the appellees' answer. "

As there is no motion for a new trial in the record, we are not permitted to notice any thing arising under the first assignment of error.

As to the second assignment of error:   We find it noted in the transcript that such a demurrer was filed, but the demurrer is not in the transcript, and we do not know what were its grounds, and therefore must presume the ruling was correct; besides, the parties entered of record a disclaimer of all interest in the controversy, and took nothing by the verdict and judgment.   If, therefore, the demurrer

had been wrongfully sustained, the error was healed by the disclaimer and judgment.

As to the third assignment of error :   We can not find any such a pleading in the record, as " the first paragraph of the appellees' answer." The first paragraph is an answer by the Steeles separately ; and to this we find no demurrer in the record. We must then presume, whatever the ruling was on that paragraph, that it was correct, nothing being shown to the contrary.

The record in this case is very voluminous ; many points in it have been reserved below ; but we have decided all that are presented in this court.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.