### PIERSON v. HART ET AL.

SUPREME COURT.—*Dismissal of Appeal.*—*Notice to Co-Party.*—An appeal to the Supreme Court, by one of several defendants against whom a judgment has been rendered, will be dismissed for want of notice of the appeal to his co-parties.

From the Hancock Circuit Court.

*R. A. Riley*, for appellant.

*W. R. Hough*, for appellees.

HOWK, C. J.—This was an action by the appellees, as plaintiffs, against the appellant and John R. Reeves, John R. Johnson, Ann Snow and Augustus W. Hough, as defendants, to foreclose a certain mortgage, and to correct a mistake in a certain promissory note, the payment of which note, it was alleged, had been secured by the mortgage.

The defendants demurred to the complaint; the demurrer was overruled, and they excepted.

The appellant, Morris Pierson, separately answered, and issues were joined thereon by proper replies.

The other defendants, Reeves, Johnson, Snow and Hough, were then called and defaulted.

The cause was tried by the court without a jury, and a finding was made in favor of the appellees and against the appellant and all the other defendants, for the amount of the note, and for the foreclosure of the mortgage and the sale of the mortgaged premises.

The appellant's separate motion for a new trial having been overruled, and his exception entered, judgment was rendered by the court, on its finding, against the appellant and all the other defendants.

The appellant, Morris Pierson, alone has appealed and assigned errors in this court. He has not served notice of his appeal upon all of his codefendants, and filed the proof thereof with the clerk of this court, as he was expressly required to do by the provisions of section 551 of the practice act. 2 R. S. 1876, p. 239.

For this failure of the appellant to comply with the express requirements of the statute, the point is made by the appellees' counsel, that this appeal should be dismissed.

This point is well taken, and this appeal must be dismissed for the reason given. This is in accordance with the established practice of this court, under the provisions of the section of the code above cited; and, whenever the point is made in this court, this rule of practice must be adhered to. *Harlan* v. *Watson*, 39 Ind. 393; *Reeder* v. *Maranda*, 55 Ind. 239; and *Herzogg* v. *Chambers*, 61 Ind. 333.

The appeal in this case is therefore dismissed, at the appellant's costs.