## HAMMON ET UX. *v.* SEXTON.

TAXES.—*Collection of from Tenant.—Right of Tenant to recover from Owner Amount Collected.—Husband and Wife.—Lease.—Statute Construed.*—Under the provisions of section 244 of the act providing for the assessment and collection of taxes, 1 R. S. 1876, p. 126, the tenant or occupant of real estate, from whom the taxes thereon shall have been collected, may recover, by action against the owner of such real estate, the amount which such owner ought to have paid, whether such occupant or tenant has possession of the real estate under a contract made with such owner or with some third person. Hence, in such case, where S. is in possession of real estate as the tenant of H., under a written lease, he has a good cause of action against the real estate and the wife of H., the latter being the

owner thereof, to recover the amount of taxes collected from him as tenant.

SAME.—*Tenancy of Real Estate may be proved by Parol Evidence.*— The fact of the tenancy or occupancy of real estate is a fact which exists independently of any written lease which the tenant may hold, and, as such, may be shown by parol evidence.

PRACTICE.—*Bill of Exceptions.—Supreme Court.*—Where it is apparent on the face of a bill of exceptions, that it does not contain all the evidence introduced on the trial, the Supreme Court will not reverse the judgment below on any question as to the weight or sufficiency of the evidence.

SAME.—*Appeal.—Notice of.—Parties.*—Only the party against whom a judgment has been rendered has the right to appeal therefrom ; it is not necessary, therefore, either that a codefendant, against whom no judgment was rendered, should be made a party to the appeal, or that notice thereof should be served upon him.

SAME.—*Pleading —Demurrer.*—Section 50 of the practice act, 2 R. S. 1876, p. 56, specifies six causes of demurrer to a complaint, and provides that for no other cause shall a demurrer be sustained, and that, unless the demurrer distinctly specifies and numbers the grounds of objection, it shall be overruled. Under section 67 of the same act, 2 R. S. 1876, p. 66, the defendant may demur to a reply for the same causes specified for demurring to a complaint. Where, therefore, on appeal to the Supreme Court, the demurrer to a paragraph of reply is not in the record, such court can not say that the court below erred in overruling such demurrer, even though it appears that some one or more of the statutory causes might be well assigned to such reply, as it can not know that the demurrer distinctly specified the grounds of objection.

SAME.—*Presumption.*—Where the record does not affirmatively show that the decisions of the court below are erroneous, all the presumptions are in favor of the correctness of those decisions.

From the Tippecanoe Superior Court.

*A. J. Roush, W. D. Wallace* and *A. Rice,* for appellants. *J. M. Larue* and *F. B. Everett,* for appellee.

HOWK, C. J.—In this action the appellee sued the appellants and one Job M. Nash, as defendants, in a complaint of a single paragraph, wherein he alleged, in substance, that, during the year 1875, from March 1st up to and after October 30th, 1875, he occupied the west half of the southwest quarter of section 1, in township 23 north, of range 5 west, as tenant of the appellant Mary Hammon, then and

since the owner of said real estate, and the wife of her coappellant William Hammon ; that the taxes, interest and penalties thereon had, on the 22d day of April, 1875, accumulated until there was then due the sum of two hundred and ninety-six dollars and seventy cents ; that the appellee, at that date, had personal property on said land, and the treasurer of said county threatened a levy on said personalty, and the appellee, to prevent said levy, paid to said treasurer on said last named day fifty dollars on said tax ; that afterward, on the 30th day of October, 1875, the said treasurer having previously levied on the appellee's corn, then on said farm, sold the same and applied of the proceeds of such sale the sum of two hundred and forty-six dollars and seventy cents to the payment of the residue of said tax ; that the said sum of two hundred and ninety-six dollars and seventy cents was a lien on said real estate, and, with interest thereon from the said dates of payment, was due and unpaid; that, on the 16th day of May, 1876, the appellants had mortgaged said real estate to the defendant Job M. Nash, to secure the payment of certain notes. Wherefore the appellee prayed judgment for four hundred dollars, and that the same should be declared a lien on said real estate, prior to the lien of said mortgage to said Nash, and for the sale of said real estate to pay his judgment, etc.

The defendant Job M. Nash separately demurred to appellee's complaint for the want of sufficient facts, which demurrer was sustained by the court, and the defendant Nash went out of the case.

The appellants' demurrer to the complaint, for the want of sufficient facts, was overruled by the court, and to this ruling they excepted, and the appellant Mary Hammon separately answered in two paragraphs, of which the first was a general denial, and the second set up special matter, by way of set-off. The appellant William Hammon separately answered by a general denial.

To the second paragraph of the separate answer of said Mary Hammon, the appellee replied in four paragraphs, of which the first was a general denial, and each of the other three paragraphs stated affirmative or special matter. To the second and third paragraphs of appellee's reply, the appellants' separate demurrers were overruled by the court, and to these rulings they excepted.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of one hundred and eighty-four dollars and forty cents. The appellants' separate motions for a new trial were severally overruled by the court, and to these decisions they severally excepted, and the court rendered judgment on the verdict, as prayed for in appellee's complaint.

In this court the following decisions of the superior court have been assigned as errors by the appellants:

1. In overruling Mary Hammon's separate demurrer to appellee's second reply;

2. In overruling Mary Hammon's separate demurrer to appellee's third reply;

3. In overruling William Hammon's separate demurrer to appellee's second reply;

4. In overruling William Hammon's separate demurrer to appellee's third reply;

5. In overruling Mary Hammon's motion for a new trial;

6. In overruling William Hammon's motion for a new trial; and,

7. The appellee's complaint does not state facts sufficient to constitute a cause of action.

Before considering any of the questions presented for our decision by these alleged errors, we may properly dispose of a motion, interposed by appellee's counsel, to dismiss this appeal, for the reason that the defendant below

Job M. Nash was not made a party to the appeal, and had not been notified by the appellants of their appeal, in accordance with the provisions of section 551 of the practice act. 2 R. S. 1876, p. 239. In support of their motion, appellants' counsel have referred us to the case of *The Indianapolis Piano, etc., Co.* v. *Caven*, 58 Ind. 328. That case, however, differs widely and materially upon the point under consideration from the case now before us. In the case cited, the opinion shows that the judgment below had been rendered against six defendants, five of whom appealed therefrom to this court, without having joined with them in their appeal the sixth defendant, and without having notified him of their appeal, as required by the statute. In that case the appellee's motion to dismiss the appeal for the appellant's non-compliance with the statute, we think, was correctly sustained. But in the case at bar the appellee recovered judgment against the appellants only, and they alone had the right to appeal therefrom to this court. There was no judgment rendered against the defendant Job M. Nash, from which he could appeal to this court, and certainly the fact that he had been made a codefendant with the appellants did not make it necessary that they should notify him of their appeal from a judgment against them only, and which did not and could not affect him in any possible manner. He was not a co-party with the appellants in the judgment they have appealed from. The appellee's motion to dismiss this appeal, for the want of notice thereof to the defendant Nash, is overruled. *Reeder* v. *Maranda*, 55 Ind. 239; *Pierson* v. *Hart*, 64 Ind. 254; and *Bowman* v. *Simpson*, 68 Ind. 229.

We pass now to the consideration of the errors assigned by the appellants on the record of this cause and the questions arising thereunder. The first four of the alleged errors, it will be observed, relate to the several decisions

of the court in overruling the separate demurrers of the appellants to the second and third paragraphs of the appellee's reply. These demurrers are not in the record, and the clerk below certifies that they were " not found among the papers on file in this cause." Section 50 of the practice act specifies six statutory causes of demurrer, each differing widely from the others, and provides that " for no other cause shall a demurrer be sustained; and, unless the demurrer shall distinctly specify and number the grounds of objection to the complaint, it shall be overruled." 2 R. S. 1876, p. 56. Section 67 of the same act provides that " the defendant may demur to a reply for any of the causes specified for demurring to a complaint." 2 R. S. 1876, p. 66. In the absence from the record of this cause of the appellants' demurrers to the second and third paragraphs of appellee's reply, it is impossible for this court to know what grounds of objection were specified by the appellants in their demurrers to said paragraphs of reply. Even if it appeared to us that some one or more of the statutory causes of demurrer might be well assigned to those paragraphs of reply, or either of them, yet, in the absence of the appellants' demurrers, this court can not possibly know that they distinctly specified the grounds of objection, and, if they did not, the statute required that they " shall be overruled." It is clear, therefore, that this court can not say from the record of this cause, that the superior court erred, and for this reason we are bound to say that it did not err, in overruling the appellants' demurrer to the second and third paragraphs of the appellee's reply. Where the record does not affirmatively show that the decisions of the court below are erroneous, all the presumptions are in favor of the correctness of those decisions. *Davis* v. *Binford,* 58 Ind. 457; *Myers* v. *Murphy,* 60 Ind. 282; *Brownlee* v. *Hare,* 64 Ind. 311.

The fifth and sixth errors assigned are the decisions of

the court in overruling the appellants' separate motions for a new trial, and may properly be considered together. The bill of exceptions which is found in the record shows upon its face that it does not contain all the evidence given in the cause. In at least two instances, the clerk of the court below has certified in the body of the bill of exceptions that certain written evidence, introduced on the trial of the cause, was "not on file with the papers in this cause, and can not be set out in this record. It is settled by the decisions of this court, that where, as in this case, it is apparent on the face of the bill of exceptions, that it does not contain all the evidence introduced on the trial, this court will not reverse the judgment below on any question as to the weight or sufficiency of the evidence. *Railsback* v. *Greve*, 58 Ind. 72; *Gale* v. *Parks*, 58 Ind. 117; and *Brownlee* v. *Hare, supra.*

It is insisted by the appellants' counsel, with much earnestness that the court erred in permitting the appellee to prove his tenancy or occupancy of the real estate described in his complaint, by parol, when it appeared that he held a written lease therefor. We do not think there was any error in this decision of the court. The fact of the appellee's tenancy or occupancy of the real estate was a fact which existed independently of any written lease which he might hold, and, as such, might be shown by parol evidence. There was no attempt made to prove by parol the contents of the written lease. The appellee's action, as shown by his complaint, was founded on section 244 of the act of December 21st, 1872, providing for the assessment and collection of taxes. In this section it is provided that "When the taxes on any real estate shall have been collected of any occupant or tenant, and any other person by agreement or otherwise, ought to pay such tax, or any part thereof, such occupant or tenant shall be entitled to recover by action, the amount which such person ought to

have paid, or to retain the same from any rent due or accruing to him from such person, for the land so taxed." 1 R. S. 1876, p. 126. Under the provisions of this section, it seems to us that the tenant or occupant of real estate, from whom the taxes thereon shall have been collected, may recover, by action against the owner of such real estate, the amount which such owner ought to have paid, whether such occupant or tenant is the tenant of such owner or not. In other words, we think that the section of the statute above quoted gives a cause of action to the occupant or tenant of real estate, from whom the taxes charged thereon shall have been collected, against the owner of such real estate, whether such tenant or occupant has possession of such real estate under a contract made with such owner, or with some third person. In this case, the evidence tended to show that the appellee was the tenant or occupant of the real estate described in his complaint at the time the taxes charged thereon were collected from him, under a written lease executed to him by the appellant William Hammon in his own name; that he was the husband of his coappellant, Mary Hammon, living with her as his wife, at the time he executed said lease to the appellee; that the said Mary Hammon was the sole owner, in her own right, and ought, under the law, to have paid the tax charged on said real estate; and that the said tax had been collected by the proper officer from the appellee, as alleged in his complaint.

In our view of the provisions of said section 244, above quoted, the appellee had a good cause of action, upon the facts alleged and proved by him, against the said real estate and the said Mary Hammond as the sole owner thereof, to recover back the amount of tax charged on said real estate, and collected from him as the occupant or tenant thereof, without regard to the question whether he was the tenant of said Mary Hammon, or the tenant only of her husband,

William Hammon, under said written lease. This construction of the provisions of said section of the statute, renders it unnecessary for us, we think, to examine in detail the several instructions of the court to the jury trying the cause. If those instructions were erroneous, the errors therein were in favor of, and not against, the appellants in this action, and of such errors they can not be heard to complain in this court.

Appellants' counsel also complain, in argument, of the refusal of the court to give the jury an instruction requested by them. This instruction reads as follows:

" The evidence in this case does not warrant you in finding that the plaintiff was the tenant of the defendant Mary Hammon, in the year 1875, at the time the plaintiff alleges that he was compelled to pay the taxes assessed against the land described in the complaint; and hence you must find for the defendant Mary Hammon."

From what we have already said, and from the construction we have given to the section of the statute above quoted, it is certain, we think, that the court committed no error in refusing to give the jury this instruction. Mary Hammon owned the land, and, as such owner, she ought to have paid the tax assessed thereon; the appellee was the occupant of the land, and from him, as such occupant, the tax was collected; and, in such case, the statute expressly authorized the appellee, as such occupant, to recover by action against the land and Mary Hammon, as the owner thereof, the amount which she, under the law, ought to have paid, and which had been collected of him as such occupant.

From our examination of the record of this cause, the errors assigned thereon, and the briefs of counsel of the respective parties, we have been led to the conclusion "that the merits of the cause have been fairly tried and deter-

mined in the court below." In such a case the statute forbids that the "judgment be stayed or reversed, in whole or in part." 2 R. S. 1876, p. 246, sec. 580.

The judgment is affirmed, at the appellants' costs.