McGinnis *et al. v.* Gabe.

---

No. 7845.

## McGinnis et al. *v.* Gabe.

Pleading.—*Demurrer.—Record.*—When the demurrer to a pleading is not set out in the record, the ruling of the circuit court on such demurrer will not constitute available error for the reversal of the judgment.

Practice.—*Deposition.—Motion to Suppress.*—A motion to suppress a deposition, for any objection appearing therein, must be made before entering on the trial, and not afterward. Where the motion to suppress is made after the trial is commenced, for an objection appearing in the deposition, and is sustained by the court, it is an error for which, if properly saved and assigned, the judgment below will be reversed.

From the Monroe Circuit Court.

*C. F. McNutt, R. W. Miers* and ———— *Wilson,* for appellants.

*J. W. Buskirk* and *H. C. Duncan,* for appellee.

HOWK, J.—This case is now before this court for the sec-
ond time.   When it was first here, the opinion and judgment
of this court are reported under the title of *Gabe* v. *McGin-
nis,* 55 Ind. 372.

The appellee, as assignee, sued the appellants, as the makers,
of a promissory note for $583.66, dated January 8th, 1871,
and payable one day after date to one James Small, or order.
In his complaint the appellee alleged, among other things,
that, on March 2d, 1874, the said James Small, by his endorse-
ment thereon, assigned the said note to the appellee ; that, on
the — day of ——, 1874, Elizabeth McGinnis, one of the
makers of the note, departed this life, and the appellant Mary
Small was the administratrix, with the will annexed, of said
decedent's estate, and that the note in suit was due and unpaid.

The cause was put at issue and tried by a jury, and a ver-
dict was returned for the appellee ; and over the appellants'
motion for a new trial, and their exception saved, judgment
was rendered on the verdict.

The following decisions of the circuit court are assigned, as
errors, by the appellants :

1.   In overruling their demurrers to the second, third and
fourth paragraphs of the reply ; and,

2.   In overruling their motion for a new trial.

Of the first of these supposed errors it will suffice to say
that the appellants' demurrers to the several paragraphs of
the appellee's reply can not be found in the record of this
cause.   In section 67 of the civil code of 1852, it is provided
that "the defendant may demur to a reply for any of the
causes specified for demurring to a complaint."   In section 50
of the same code it is provided that a complaint may be de-
murred to for six statutory causes.   In the absence from the
record of the appellants' demurrers, in the case now before
us, it is impossible for us to know for which of these statutory
causes they demurred to the several paragraphs of the appel-
lee's reply, or either of them.   In such a case, even if it ap-
peared to us that some one or more of the statutory causes of

demurrer might have been well assigned to the several paragraphs of the reply, or either of them, yet, in the absence of the demurrers, this court could not possibly know that they distinctly specified the grounds of objection, and, if they did not, said section 50 of the code imperatively required that they should be overruled. *Hammon* v. *Sexton*, 69 Ind. 37. When the demurrers are not set out in the record, no available error can be predicated upon the rulings of the circuit court thereon. *Rout* v. *Woods*, 67 Ind. 319. It follows, therefore, that no question is presented for the decision of this court by the first alleged error.

2. In their motion for a new trial the appellants assigned the following causes therefor:

1. In excluding from the jury, over the appellants' objections, the deposition of William H. Bodkin, offered by them;

2. In refusing to continue this cause, upon the appellants' application, for the purpose of retaking the deposition of said William H. Bodkin; and

3. In excluding the appellant Archibald McGinnis, as a witness for himself and his co-appellant, Mary J. Small.

It appears from a bill of exceptions, which is properly in the record, that at the September term, 1878, of the court below, the deposition of William H. Bodkin, previously taken in this cause, having been published, the appellee's motion to suppress the same was sustained by the court, but the grounds of this decision were not stated or shown in or by the record before us. At the same term of the court the appellants obtained leave to retake the deposition of said Bodkin, and to withdraw the suppressed deposition. Afterward, on January 21st, 1879, the deposition of said Bodkin was again published by an order of the court, and, on the same day, the appellee's motion to suppress questions numbered from four to eleven, inclusive, and the answers thereto, was overruled by the court, and his exception saved to this decision. On January 22d, 1879, the appellee orally moved the court to suppress the

whole of said deposition, pending which the cause was called for trial; "whereupon said plaintiff withdrew said motion."

On the trial of the cause, to sustain the issues upon their part, the appellants offered to read in evidence, at the proper time, the said deposition of said William H. Bodkin. To which deposition and the reading thereof in evidence, the appellee objected " on the ground that the said deposition was the same deposition that had been suppressed by a former order of the court," at the September term, 1878, thereof, "which objection the court sustained, and excluded said deposition for said reason," and to this decision the appellants at the proper time excepted.

Did the court err in sustaining the appellee's motion to suppress the said deposition of said William H. Bodkin ? We are of the opinion that this question must be answered in the affirmative. In section 266 of the civil code of 1852, it is provided as follows :

" All objections to the validity of any deposition, or its admissibility in evidence, shall be made before entering on the trial, not afterwards. But any deposition after the commencement of the trial, may be suppressed, if any matter which is not disclosed in the deposition appears, which is sufficient to authorize such suppression." 2 R. S. 1876, p. 144. This section is re-enacted as section 308 of the civil code of 1881, and is section 439 of the Revised Statutes of 1881.

It will be observed that the appellee's objections to the validity, or admissibility in evidence, of the deposition of said William H. Bodkin in this case, were made *after* entering on the trial of said cause. The grounds of the appellee's objections to said deposition were disclosed and fully appeared in the deposition itself, and, therefore, in this case, the motion to suppress it came too late, and ought to have been overruled. In *Glenn* v. *Clore*, 42 Ind. 60, upon the point under consideration, this court said: " We are of the opinion, with reference to section 266 of the code, which fixes the time when objections to depositions shall be made, that the swearing of

the jury is the commencement of the trial. The object of the section is that parties may know, so far at least as apparent objections are concerned, that they can depend upon reading in evidence such depositions as have been regularly placed on the files, to be read in the cause, and which have not been suppressed. The rule provided by the statute is convenient, as well as fair; for why empanel and swear a jury to try a cause, which the parties may afterward be prevented from trying on account of the suppression of depositions after the jury are sworn? We hold that the court should not have entertained the motion to suppress the deposition after the jury were sworn, unless the objection related to some matter which was not disclosed in the deposition, which was sufficient to authorize such suppression." *Stull* v. *Howard,* 26 Ind. 456; *Robinius* v. *Lister,* 30 Ind. 142.

In the case at bar, the appellee's objection to the deposition offered in evidence by the appellants was, that it was the same deposition which had been suppressed by a former order of the court. This fact was shown by the record, and it was not shown otherwise; for the motion to suppress was not founded upon or supported by any affidavit of any facts *dehors* the record. When, however, the deposition was suppressed, the record further shows that the appellants obtained leave of the court to withdraw the same from the files, and to retake the deposition. The bill of exceptions also shows that afterwards, on the 13th day of January, 1879, an envelope, endorsed with the full title of the case, and addressed to "William F. Browning, Esq., clerk of the circuit court of Monroe county, Bloomington, Indiana," was regularly transmitted to, and received and filed by, the said clerk of said court. Afterwards, on January 21st, 1879, when said envelope was opened on the appellant's motion to publish said deposition, it was found to contain said suppressed deposition, and, also, the notice and *dedimus* for the retaking of said deposition. Thereupon the appellee orally moved the court to suppress this last-published deposition. The grounds of this motion are

not shown by the record; but, in the absence of any showing to the contrary, it may be fairly assumed, we think, that the grounds of such motion were, that the deposition then published was the same deposition which had been suppressed by a former order of the court.

When, therefore, upon the calling of this cause for trial, the appellee withdrew his oral motion to suppress said deposition, the appellants were thereby authorized to believe that the appellee withdrew his objections to said deposition, and that they might depend upon reading the same in evidence, without objection, at the proper time. It was competent for the appellee to waive his objection to the deposition, upon the ground that it had been suppressed by a former order of the court, and suffer it to be read in evidence; and the action of the appellee, in withdrawing his oral motion to suppress the deposition, may well have deceived the appellants, and have led them to believe that he had waived his objections to the deposition. For the reasons given, we are of the opinion that the appellee's objections to the deposition, made after entering on the trial, ought to have been overruled, and that the court erred in excluding it from the jury.

When the court sustained the appellee's objections to said deposition and excluded it from the jury, the appellants moved for a continuance of the cause, upon an affidavit then filed, in order that they might retake said deposition. In said affidavit, the appellant Archibald McGinnis stated in substance, that the deponent, William H. Bodkin, resided in London, Ontario, in the Dominion of Canada; that more than a year before that time, having learned that said Bodkin was cognizant of certain facts material to their defence, the appellants procured an order of the court authorizing a certain person named therein to take said Bodkin's deposition, and served due notice of the time and place for taking the same on the appellee; that said deposition was accordingly taken and returned into court, where, on the appellee's motion, it was suppressed, for certain formal defects therein; that Judge John

C. Robinson was then temporarily presiding in the court below, when they procured an order of the court authorizing them to retake said deposition, and, notice having been duly given the appellee thereof, the said deposition was retaken and returned into court; that, in the mean time, the venue of the cause had been changed from the regular judge of said court, and Judge James S. Hester had been duly appointed to try this case, and, on the appellee's motion, the deposition was again suppressed, on the ground that said Judge Robinson had not such jurisdiction of the case as that he was authorized by law to make an order for retaking said deposition; that thereupon the appellants procured another order of the court, Judge Hester presiding, authorizing them again to retake said deposition, and, having served the proper notice on the appellee, they sent it and the necessary *dedimus* to the person named in said order, for the purpose of retaking said deposition; that afterwards, on January 13th, 1879, an envelope apparently containing said deposition, endorsed with the title of this cause, and addressed to the clerk of said court, was received and filed by him; that, on January 20th, 1879, Judge Thomas L. Collins presided in said court for the trial of this case, and, the said deposition having been published, the appellants discovered that the person authorized to retake the same had not done so, but had simply returned the last suppressed deposition; that, when said deposition was so published, the appellee first, moved the court to suppress certain questions to the deponent and his answers thereto, which motion was overruled; that the appellee then orally moved the court to suppress the entire deposition; and that before the motion was decided it was withdrawn, when the case was called for trial. It was then stated in the affidavit, that the appellants and their counsel were deceived by the appellee's acts in regard to said deposition, and were thereby induced to believe and did believe that he intended to waive, as he lawfully might, the said objections to said deposition, and suffer the same to be read in

evidence; and that, therefore, the appellants and their counsel were greatly surprised, when, on the trial, the appellee made the said objections to said deposition, and when the court sustained the said objections and excluded the deposition from the jury. In all other respects the affidavit for a continuance was clearly sufficient, and the only question for decision is, whether or not the foregoing facts made such a case of surprise as that the appellants were thereby entitled to a continuance of the cause, after the commencement of the trial.

It is unnecessary, as it seems to us, that we should consider this question at any great length. For it follows inevitably from what we have already said, in considering the question presented by the first cause assigned for a new trial, that, in our opinion, the appellants were probably misled and deceived by the acts of the appellee and his counsel, and were thereby induced to believe that the objections existing to said deposition were waived, and that it would be admitted in evidence on the trial of this cause. In *Haynes* v. *The State, ex rel.*, 45 Ind. 424, it was held by this court, that where a party to a suit told his adversary, with the view of influencing his action, that certain matters, in issue by the pleadings, would not be controverted on the trial, it would not be negligence in such party to rely on such statement and omit to prove what his adversary had so told him would not be denied, and that, if such matters were controverted by evidence on the trial, the party so misled would be entitled to a new trial on the ground of surprise. The doctrine of this case, we think, is peculiarly applicable to the question as presented in the case at bar. Here the appellee did not say to the appellants in so many words that he waived the apparent objections to said Bodkin's deposition, but by his actions, which are sometimes said to "speak louder than words," he certainly induced the appellants to believe that he waived, as he lawfully might, the said objections to said deposition, and that, on the trial, they might rely upon reading it in evidence. Upon the facts shown in

McGinnis *et al. v.* Gabe.

the affidavit, upon which the application for a continuance was made, we are of the opinion that the appellants were not at fault in going to trial, relying upon the appellee's waiver of his objections to the depositions, which he had withdrawn and could not make again, under the code, after entering on the trial, and that injustice had probably resulted to them from surprise, at the appellee's subsequent objection to the deposition and the ruling of the court thereon, which a new trial might remedy. Surely, in such a case, a new trial ought to have been granted. *Todd* v. *The State,* 25 Ind. 212.

The third and last cause for a new trial, assigned by the appellants in their motion therefor, presents for decision the difficult question as to whether or not the appellant McGinnis was a competent witness for himself, or his co-appellant, on the trial of this cause, under the first *proviso* in section 2 of the act of March 11th, 1867, "defining who shall be competent witnesses," etc., 2 R. S. 1876, pp. 133 and 134. We deem it unnecessary for us to decide this question in this case, *first,* because, by reason of what we have already said, the judgment below must be reversed, and, *secondly,* because the law, in relation to the competency of Archibald McGinnis as a witness in the case, has been radically changed in and by the provisions of section 276 of the civil code of 1881, under which the new trial of the cause will probably be had. Revised Statutes 1881, section 498.

For the reasons given, our conclusion is that the court erred in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.