No. 9175.

COLE *v.* KIDD, ADMINISTRATOR.

SUPREME COURT.—*Practice.*—*Assignment of Error.*—*New Trial.*—The statutory causes for a new trial are not properly assignable as errors, and, if so assigned, they will present no ·question for the decision of the Supreme Court.

SAME.—*Bill of Exceptions.*—*Evidence.*—*Supreme Court.*—*Reversal of Judgment.*-- When it appears that the bill of exceptions does not contain all the evidence given in the cause, the Supreme Court will not reverse the judgment upon any question depending for its proper decision upon the sufficiency of the evidence.

SAME.—*Evidence.*—*Objection to Question.*—*Exception.*—Where an objection is sustained to a question propounded to a witness, a mere exception to the ruling of the court will present no available error, unless it is shown that the complaining party informed the court at the time what fact or facts he expected to prove by the answer to the question. Then, if the offered evidence is excluded, and an exception properly saved, the decision, if erroneous, may' constitute an available error.

SAME.—*Record Must' Show Error.*—*Presumption.*—Until error is shown by the record, the Supreme Court will indulge every reasonable presumption in favor of the rulings of the trial court.

From the Fayette Circuit Court.

*W. C. Forrey,* —— *Durnan, B. F. Claypool* and —— *Claypool,* for appellant.

*L. W. Florea* and *G. C. Florea,* for appellee.

Howk, J.—This was a suit by the appellee against the appellant, as the assignor, by endorsement, of a promissory note for nine hundred dollars, dated January 15th, 1876, executed by one Ira A. Lawrence, payable four years after date, to the order of the appellant, and by him endorsed in blank. The cause was put at issue and tried by the court, and a finding was made for the appellee for the amount due on the note. The appellant's motion for a new trial having been overruled, and his exception saved to the ruling, the court rendered judgment against him, in appellee's favor, for the amount found due, and costs.

In this court, the only error properly assigned by the appellant is the decision of the circuit court in overruling his motion for a new trial. He has also assigned, as errors, several matters which would have constituted proper causes for a new trial; but they are improper assignments of error, and, as such, present no question for the decision of this court. *Freeze* v. *DePuy,* 57 Ind. 188; *Wiley* v. *Barclay,* 58 Ind. 577.

In appellant's motion for a new trial, the following causes were assigned therefor:

1. The finding of the court was contrary to law.

2. The finding was not sustained by sufficient evidence.

3. Error of the court in refusing to permit one James W. Sample, a witness for appellant, on his examination in chief, to answer the following question: "State if, at the time Kidd said that defendant had fixed it, there was anything said in relation to a note? If so, state what was said?"

4. Abuse of its discretion by the court, in not permitting the appellant to testify therein, by which he was prevented from having a fair trial.

It is claimed by the appellant's counsel, in their brief of this cause, that the finding of the trial court was not sustained

by sufficient evidence; but the bill of exceptions, which appears in the record, does not purport or profess to contain all the evidence given on the trial of the cause. Therefore, the question as to the sufficiency of the evidence to sustain the finding of the court is not properly presented by the record before us, and can not be considered or decided. In such a case, it may be regarded as settled, that this court will not reverse a judgment upon any questions dependent for their proper decision upon the weight or sufficiency of the evidence. *Brownlee* v. *Hare*, 64 Ind. 311; *Hammon* v. *Sexton*, 69 Ind. 37; *Fouty* v. *Morrison*, 73 Ind. 333.

The only other point, made by the appellant's counsel in argument, is that the trial court erred in refusing to permit the witness, James W. Sample, to answer the question heretofore set out in the third cause assigned for a new trial. The grounds of the court's ruling, on this point, are not shown by the record, nor are they clearly apparent. It is not shown by the bill of exceptions, that the appellant informed the court what the evidence was which he expected to elicit by the answer of the witness to the question propounded, or what fact or facts he offered to establish or prove thereby. This court has repeatedly decided, that a party can not, by simply saving an exception to the decision of the court in sustaining an objection to a question put to a witness, get such an error into the record, as will be available to him for the reversal of the judgment. He must go farther, and inform the court what it is that he proposes to prove by the answer to the question, and then, if the offered evidence is excluded, and a proper exception saved to such ruling, he may, perhaps, get an available error into the record. *Lewis* v. *Lewis*, 30 Ind. 257; *Mitchell* v. *Chambers*, 55 Ind. 289; *Graeter* v. *Williams*, 55 Ind. 461.

Besides, we can not say from the record of this cause, even if it appeared what the evidence was which the appellant expected to elicit, and that it was competent, that the court erred in refusing to permit the question to be answered. For every reasonable presumption must be indulged in favor of the

court's ruling, and the record before us does not exclude the presumption that the ruling complained of was right. *Myers* v. *Murphy*, 60 Ind. 282; *Stott* v. *Smith*, 70 Ind. 298; *Bowen* v. *Pollard*, 71 Ind. 177.

We have found no available error in the record of this cause. The judgment is affirmed, at the appellant's costs.