No. 10,208.

## BOOTS, ADMINISTRATOR, *v.* GRIFFITH, ADMINISTRATOR.

PRACTICE.—*Admission of Evidence.*—*Cause for New Trial.*—*Supreme Court.*—
The admission of improper evidence is an error of law occurring at the
trial, and must be assigned as such in the motion for a new trial, to
present any question for the decision of the Supreme Court.

DECEDENTS' ESTATES.—*Trial of Claim.*—*Interrogatories to Jury.*—*Instructions.*
—Under section 2325, R. S. 1881, the trial of a claim against a decedent's
estate is to be conducted as the trial of an ordinary civil cause, and
therefore it is proper for the court, on the trial of such a claim by a jury,
to instruct them at the request of either party, if they render a general
verdict, to find specially upon particular questions of fact to be stated
in writing. In such case an exception to such instruction will present
no objection to either the form or substance of any interrogatory.

HUSBAND AND WIFE.—*Earnings of Wife.*—*Sole Property of Wife.*—Under
section 5130, R. S. 1881, the earnings and profits of a wife, accruing from
her trade, business, services or labor, other than labor for her husband
and family, are her sole and separate property, and the common law
rule to the contrary is superseded and abrogated.

From the Montgomery Circuit Court.

*M. Thompson, W. H. Thompson, J. E. McDonald, J. M.
Butler* and *A. L. Mason,* for appellant.

*G. W. Paul* and *J. E. Humphries,* for appellee.

HOWK, J.—Patrick McGrath and Margaret McGrath
were husband and wife. Patrick died, and his widow, Mar-
garet, filed this claim against her husband's estate, and then
she died. The appellant, as the administrator of Margaret's
estate, prosecuted such claim against Patrick's estate. The
cause was put at issue and tried by a jury, and a general ver-
dict was returned for the appellee, the defendant below. Over
the appellant's motion for a new trial, the court rendered
judgment against him for appellee's costs.

Error is assigned by appellant upon the overruling of his
motion for a new trial, in which motion the following causes
were assigned for such new trial, to wit:

1. The verdict was contrary to law, and was not sustained
by sufficient evidence; and,

2. Error of the court in giving the jury instructions num-bered one and six, and in requiring the jury to answer certain interrogatories, at appellee's request.

The first point made by the appellant's counsel in argument is, that the trial court erred in the admission of certain evi--dence offered by appellee, over appellant's objection and ex--ception. This was an error of law, if it be an error, occurring at the trial, and as such it ought to have been assigned as -cause for a new trial, in the motion therefor. It was not so assigned; and, therefore, under the settled practice of this -court, it must be held that the error is not before us, and no -question is thereby presented for our decision. *Leary* v. *Ebert,* '72 Ind. 418; *Warner* v. *Curran,* 75 Ind. 309; *Stockwell* v. *Thomas,* 76 Ind. 506.

Appellant's counsel next complain, in their brief of this cause, of the sixth instruction of the court to the jury, and of the action of the court in requiring the jury to answer certain interrogatories, at the appellee's request. In the sixth instruction the court told the jury in substance, that when a cause was tried by a jury -either party might require the jury, in case they agreed upon a general verdict, to find specially upon particular questions of fact, to be stated in writing; that a general verdict was a verdict upon the issues, either for the plaintiff or for the defendant; and that the appellee had asked that in case the jury agreed upon a general verdict, they should find specially upon particular questions of fact, which were stated in writing. The record shows that this instruction was given and excepted to. Appellant's counsel have not pointed out any objections, and we -can see none, either to the form or substance of this instruc-tion. This cause was tried below on the 2d day of December, 1881. In sec. 2325, R. S. 1881, in force at the time, it is provided that the trial of a claim against a decedent's estate " shall be conducted as in ordinary civil cases;" and in sec. 546, R. S. 1881, it is provided that the court " in all cases, when requested by either party, shall instruct them," (the jury) " if they render a general verdict, to find specially upon

particular questions of fact, to be stated in writing." It does not appear from the record that the appellant pointed out to the trial court any specific objection to any of the interrogatories, or that he there moved to reject or strike out any of them. He is in no condition, therefore, as it seems to us, to complain here of any of the interrogatories. Certainly, his exception to the instruction of the court in reference to the interrogatories will not present any question for our decision concerning the sufficiency, in form or substance, of any of the interrogatories. *Brooker* v. *Weber*, 41 Ind. 426.

Instruction 1 reads as follows: "Any money that the decedent, Margaret McGrath, made by her own labor, while the wife of Patrick McGrath, belonged to Patrick McGrath, unless there was an express contract between them that her earnings should be her separate property. The earnings of Margaret McGrath were the property of Patrick McGrath just as much as were the earnings of his own hands."

Appellant's counsel earnestly insist that the court erred in giving this instruction to the jury, *first*, because it did not contain a correct statement of the law, and *secondly*, because, if it stated the law correctly, it was not applicable to the case in hand. Counsel are right, we think, in their views of the instruction. At common law the earnings of the wife belonged to the husband. *Yopst* v. *Yopst*, 51 Ind. 61, and cases cited. But this common law rule was superseded in this State by the act of March 25th, 1879, concerning married women, which became a law on May 31st, 1879. In sec. 2 of this act it was provided that "The earnings and profits of any married woman, accruing from her trade, business, services, or labor, other than labor for her husband or family, shall be her sole and separate property." Acts 1879, p. 160; sec. 5130, R. S. 1881. This statutory provision was the law of this State in relation to the wife's earnings during the time covered by the instruction of the court, between May 31st, 1879, and the 18th day of March, 1880; on which latter day the record shows that

Patrick McGrath died. It is manifest, therefore, that the instruction did not contain a correct statement of the law.

But, aside from this, we are of opinion that the instruction was wholly inapplicable to the case at bar, and that its tendency was to mislead the jury. The suit was not brought to recover the personal earnings of the wife, or money made by her labor; but it was brought to recover moneys advanced or loaned by the wife to her husband, in his lifetime, which moneys were the rents or earnings of the wife's separate real estate. For the reason stated we think that the court erred in giving the instruction above quoted, and that, for this error of law, a new trial ought to have been granted.

The appellee has assigned as cross errors the refusal of the court to give the jury certain instructions, at his request; and his counsel ask this court to decide the questions thereby presented. These cross errors are, however, merely causes for a new trial. As such they are not proper assignments of error or cross error, and present no question for our decision. *Cole* v. *Kidd,* 80 Ind. 563.

The judgment is reversed, with costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.