Jackson *v.* Swope *et al.*

Filed March 30, 1893.

———————◆———————

No. 16,024.

## JACKSON *v.* SWOPE ET AL.

APPEAL.—PRACTICE.—*Question of Law Arising During Trial.—How Saved.—New Trial.—*Where a motion was made, in the trial court, to strike out certain evidence, which was overruled, and the ruling excepted to, but such action of the court not having been made a cause for a new trial, no question is presented on appeal as to the correctness of such ruling, for, to preserve the question for this court, it would have been necessary to have assigned it as a cause for a new trial.

EVIDENCE.— *Impeaching Testimony.— When Competent.—* Impeaching testimony only becomes competent after a foundation is laid, and only such testimony is competent which comes within the limits of such foundation.

NEW TRIAL.—*Cause for.*—*Newly Discovered Evidence.*—*When Sufficient.*
—The Supreme Court will not reverse a judgment for failure to grant
a new trial for newly discovered evidence, unless it is of such a
character, and of such importance as it would be reasonable to sup-
pose that it would have changed the verdict or finding had it been
given in the trial.

From the Morgan Circuit Court.

*J. H. Jordan, O. Matthews, A. M. Cunning* and *W. R.
Harrison,* for appellant.

*R. N. Lamb* and *R. Hill,* for appellees.

OLDS, J.—This is an action by the appellant against
the appellees to set aside an alleged fraudulent convey-
ance of land by the appellee William J. to his co-appel-
lee, and wife, Amanda J. Swope, and subject it to the
payment of a judgment of $3,000 in favor of appellant
against the appellee William J. Swope, alleging that the
conveyance was without any consideration.

The appellees joined issue on the complaint by answer
of general denial.

The cause was tried by the court without the interven-
tion of a jury. On the trial of the cause, the court per-
mitted evidence showing, or tending to show, a valuable
consideration for the conveyance of the land by Swope
to his wife, the deed reciting that the consideration was
"for the sum of love and affection—Dollars."

The question as to the consideration for the deed was
gone into fully on the trial of the cause, a number of
witnesses being examined in relation thereto, and cross-
examined, without objection. Afterwards, and about the
close of the trial, but before the submission to the court
for decision, the appellant moved to strike it out, on the
ground that the appellee Amanda J. Swope was bound by
the consideration stated in the deed, and estopped from
showing that there was a valuable money consideration,

independent of the consideration of love and affection, stated in the deed.

The court overruled the motion, and appellant excepted, but the question upon the ruling is not presented in this court for review.   To have preserved the question to this court, it was necessary to have included it in the motion for a new trial, as one of the grounds for a new trial.   If an error, it was an error of law occurring at the trial.   The overruling of this motion was not assigned as a cause for a new trial, and no question is presented as to the correctness of such ruling.   *Jeffersonville, etc., R. R. Co.* v. *Riley, Admx.*, 39 Ind. 568; *Meyer* v. *Bohlfing*, 44 Ind. 238; *Kent* v. *Lawson*, 12 Ind. 675; *Wright* v. *Potter*, 38 Ind. 61; *Waggoner* v. *Liston*, 37 Ind. 357; *Elliott* v. *Russell*, 92 Ind. 526; *Leary* v. *Ebert*, 72 Ind. 418; *Boots Admr.*, v. *Griffith, Admr.*, 89 Ind. 246.

The next question presented relates to the ruling of the court in excluding the testimony of one Boyd, offered as impeaching testimony of Samuel Swope, father of appellee William J.   There was no error in this ruling. The court limited the examination of Samuel Swope to conversations had with Boyd in 1888, and the examination of Boyd sought to elicit a statement made by Samuel at another time.   If any error was committed, it was in limiting the examination for the purpose of laying the foundation for impeachment to the year 1888, and as to this ruling no question is presented.   The impeaching testimony only became competent after a foundation was made.   Samuel Swope was not a party to the suit, and his contradictory statements made out of court only became competent as impeaching evidence.

Counsel also present a question in relation to the ruling on the motion for a new trial, based upon the right to a new trial on account of newly discovered evidence.

In view of the nature of the brief on this question, we might very properly treat it as waived, but we have fully considered the question and the affidavits offered in support of this reason for a new trial. Some of the evidence was cumulative and some impeaching, and all more or less unimportant, and not such as would be likely to bring about a different result on another trial of the cause; besides, some of the newly discovered evidence consisted of statements which it was claimed witnesses would testify to who were witnesses before the court on the trial of the cause and had testified, and no proper excuse is shown for not gaining the information set up as new evidence.

This court will not reverse a judgment for failure to grant a new trial for newly discovered evidence, unless it is of such a character, and of such importance, as it would be reasonable to suppose that it would have changed the verdict or finding had it been given in the trial.

In *Morrison* v. *Carey*, 129 Ind. 277, it is said: "It must not be cumulative, and should be such as to render it reasonably certain that another trial would bring about a different result."

There is scarcely a case tried in court that, after the trial, parties may not learn of some fact or statement of a competent witness not known to him before, and which would be competent evidence. The law imposes on litigants the duty of being vigilant in preparing their case for trial, and discovering all legitimate evidence in their favor before the trial closes, and, does not encourage the granting of new trials, except for substantial reasons. *Sutherlin* v. *State*, 108 Ind. 389; *Allen* v. *Bond, Trustee*, 112 Ind. 523.

It is urged that the evidence does not support the finding, and for that reason a new trial should be granted.

There is no such lack of proof as will justify this court in reversing the judgment.

