No. 1,482.

## TROUT *v.* THE CITY OF ELKHART.

DAMAGES.—*Recovery.*—*Assumed Risk.*—*Defective Bridge.*—If one knows of a danger (a defective bridge), and yet voluntarily encounters it, when, on account of darkness or other hindering causes, he knows he can not see and avoid it, he takes the risk upon himself, and, if injured, can not recover damages therefor.

RECOVERY.—*Special Finding.*—*Contributory Negligence.*—Where the facts are specially found, the plaintiff can not recover in an action for tort, unless the fact of freedom from contributory negligence is expressly or inferentially found.

From the Elkhart Circuit Court.

*J. S. Dodge* and *O. Z. Hubbell,* for appellant.

*O. T. Chamberlain* and *P. L. Turner,* for appellee.

Ross, C. J.—This was an action brought to recover damages for injuries alleged to have been received by appellant by falling off a bridge, which was a part of one of the streets of the city of Elkhart, and was erected across a watercourse which intersected such street. The cause was tried by the court without the intervention of a jury, and a special finding of facts made with conclusions of law thereon.

The only specification of error assigned in this court is: "The court erred in its conclusions of law on the special findings."

A special finding, like a special verdict, in order to be sufficient to sustain a judgment in favor of the party upon whom rests the burden of the issues, must find all the facts necessary to sustain such issue. *Buchanan* v. *Milligan,* 108 Ind. 433; *Kehr* v. *Hall,* 117 Ind. 405, and cases cited.

The finding made by the court is as follows:

"1. The court finds that, on the 27th day of Novem-

ber, 1893, and for six years prior, there was a small bridge over a watercourse, on Calumet avenue, within the corporate limits of the defendant city, as alleged in the complaint.

"2. That this bridge was about fifteen feet wide and was covered with earth, and from its top to the bottom of the watercourse was a descent of two and one-tenth feet perpendicular on a slant of three feet; that this bridge afforded the sole and only means of crossing the watercourse on that street; that there was no railing or guards on the bridge to keep persons from falling off the sides, nor was there any artificial light at night which threw its rays to the bridge; that all of the foregoing facts were well known to both the plaintiff and defendant for the six years last past, and during all that time the plaintiff had been in the habit of crossing that bridge frequently, and it could readily be seen and located by her in the daytime, but when it was dark there was nothing to indicate its location.

"3. That said Calumet avenue, commonly called Rawlings street, runs north and south, and for six years last past the plaintiff has resided on its east side about eleven rods north of said bridge; that on November 27, 1893, a little before dark, the plaintiff carried some milk to Mr. Todt's house, about six rods south of the bridge on the east side of the street, crossing the bridge on her way; that she remained lawfully at said house about one hour, and until about seven o'clock in the evening, when she started upon said street to go home.

"4. The plaintiff was then sixty-five years old, and in rather feeble health, but with good eyesight. As she left the house of Mr. Todt she had the bridge in mind, and walked out to where she supposed was the middle of the street, and went north towards the bridge. The night was so dark that she could not see the bridge, and the

ground was wet and muddy; and while walking, as she supposed, in the center of the bridge, she went so near the east edge that she accidentally fell over it and down to the bottom of the water course, and broke her arm.

"5. That there were only two other ways that she could have taken to have gone from Mr. Todt's house to her residence, one of which was 206 rods in length and led across another similar bridge across the same watercourse, and the other was 73 rods long, and the road, for a large part of the way, ran across an open field which had never been worked as a road, and was neither lighted nor fenced.

"6. That the bridge off which she fell is about sixty rods from the city limits, and on a street that had but few houses upon it.

"7. That plaintiff, by reason of said fall, broke her arm, and was compelled to hire a surgeon, as alleged in her complaint, and thereby sustained damage to the extent of $1,000."

It is well settled in this State that a city is bound to maintain its streets in a reasonably safe condition for the use of persons traveling thereon. *Buscher* v. *City of Lafayette*, 8 Ind. App. 590, and cases cited.

A bridge located on a street and necessary to the legitimate use of such street, is a part of the street itself, and the city is as much bound to keep it in a reasonably safe condition for use as any other part of the street. *City of Goshen* v. *Myers*, 119 Ind. 196.

To permit a street to become out of repair so that its use in that condition endangers the person or property of those using it, and to suffer it to remain in that condition longer than is reasonably necessary to put it in condition and repair is negligence. But the negligence of the officials of a city in permitting one of its streets to get out of repair, will not excuse those who use it know-

ing of its defective condition, from exercising due care in its use. And by due care the law means care commensurate to the danger to be encountered. Hence, if one knows of a danger and yet voluntarily encounters it when, on account of darkness or other hindering causes, he knows he can not see and avoid it, he takes the risk upon himself. *City of Bloomington* v. *Rogers*, 9 Ind. App. 230, and cases cited.

In order to entitle the appellant to a judgment, it was necessary that she prove and the court find the facts from which the inference of law would follow that she was herself free from negligence contributing to her injury. The facts found do not warrant such a conclusion. From the argument of counsel we infer that they assume that appellant was free from fault, unless the facts found affirmatively show that she was guilty of contributory negligence.

This is not the rule. The burden is upon her to show affirmatively that she was free from negligence contributing to her injury. If the facts found point just as much to negligence on her part as to its absence, or point in either direction, they are insufficient to sustain a judgment in her favor. The facts found must show affirmatively that she was guilty of no negligence contributing to her injury. As heretofore stated, the facts found do not warrant such a conclusion, but if they point in neither direction their tendency is the other way.

The court did not err in its conclusions of law upon the facts found.

Judgment affirmed.

DAVIS and GAVIN, J. J., absent.

Filed March 12, 1895.