## City of Princeton *v.* Fields.

[No. 10,191. Filed January 16, 1920.]

1. **Municipal Corporations.**—*Defective Sidewalks.*—*Injuries to Pedestrians.*—*Contributory Negligence.*—*Knowledge of Defect.*—In an action by a pedestrian for injuries sustained when she stepped into a hole in a sidewalk at night, *held* that, even though plaintiff had knowledge of the defect in the walk, the court on appeal could not, in view of the facts shown by the evidence, say as a matter of law that plaintiff was guilty of contributory negligence. p. 280.

2. **New Trial.**—*Newly-Discovered Evidence.*—*Affidavit of Physician Concerning Ailment Treated.*—*Competency.*—Where plaintiff obtained a judgment for personal injuries, an affidavit of a physician, filed in support of a motion for new trial, stating that he had treated plaintiff professionally prior to her injury, and that she was at that time afflicted with a certain ailment, shows that he was an incompetent witness, and, plaintiff not having consented to his testifying, such affidavit must be disregarded. p. 282.

3. **New Trial.**—*Newly-Discovered Evidence.*—*Diligence.*—A party seeking a new trial on account of newly-discovered evidence must show diligence in discovering all legitimate evidence before the trial closed and in the preparation of his case for trial. p. 282.

4. **New Trial.**—*Newly-Discovered Evidence.*—*Affidavit as to Diligence in Discovering.*—*Sufficiency.*—Where a pedestrian obtained judgment against a municipal corporation for injuries due to a defective sidewalk, and defendant sought a new trial on the ground of newly-discovered evidence showing that prior to plaintiff's injury she had been afflicted with rheumatism, and that she knew of the defective condition of the sidewalk, an affidavit in support of the motion for new trial which stated that affiant, the mayor of the city, prior to trial had made an investigation of all matters relating to the action which came to his knowledge, and that he interviewed many persons in regard to the suit, but that at no time before the verdict was returned did he or defendant know that plaintiff was afflicted with rheumatism or that she was acquainted with the defect in the walk, failed to show diligence, where it did not state that inquiry was made of any person in the neighborhood where plaintiff resided or of any person who knew her or who was likely to know the facts concerning the accident or the previous condition of plaintiff's health. p. 282.

From Vanderburgh Superior Court; *F. M. Hostetter,* Judge.

Action by Levia L. Fields against the City of Princeton. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*D. R. Head* and *Luther Benson,* for appellant.
*D. W. Duncan,* for appellee.

McMahan, J.—This is an action against appellant to recover damages for personal injuries alleged to have been sustained by appellee by reason of a defective sidewalk. There was a trial by jury, resulting in a verdict and judgment for appellee. The error assigned in this court is the overruling of appellant's motion for a new trial. The only specifications in the motion for a new trial urged as grounds for reversal are (1) that the verdict is not sustained by sufficient evidence, and (2) newly-discovered evidence.

The evidence shows that appellee with her daughter and another person were returning home from church after dark. When they were a short distance from the church it began to rain, at which time they turned around and ran back to a house near the church, and in so doing appellee fell into a hole in the sidewalk and was injured. The owner of the lot adjoining the sidewalk where appellee was injured had been in the habit of driving across the sidewalk in order to reach his lot from the street, and in so doing the bricks were knocked out of the walk for a distance of seven or eight feet along the edge next to the street, and extending about halfway across the walk. The walk was six feet wide and the part next to the property line was in good condition. The depth of the hole or depression where the bricks were

out is not shown to a certainty. Most of the witnesses stated that it was two or three inches deep along the edge and from twelve to fourteen inches deep near the center. Appellee testified that she had not been over that part of the sidewalk for a long time prior to that evening, and did not know of its condition; that she walked over the sidewalk just before she was hurt, but did not step into any hole then, and did not see any; that before she reached the next street crossing it began to rain, when she and the girls who were with her turned and started to run back to a house just beyond the place where she fell, and in so doing she stepped into the hole where the bricks were out and fell.

Appellant insists that the evidence shows that appellee was guilty of contributory negligence, and cites *Trout* v. *City of Elkhart* (1894), 12 Ind.

1. App. 343, 39 N. E. 1048, to the proposition that, if one knows of a danger and voluntarily encounters it, when on account of darkness or other hindering cause he knows he cannot see and avoid it, he takes the risk of injury, and if injured cannot recover. This contention is based upon the theory that appellee knew the defective condition and that she was guilty of negligence in running over it in the dark when she could not see the walk. Appellee testified that she had no knowledge of the defect in the walk, but, if it be admitted that she had such knowledge prior thereto, we could not, under the circumstances shown by the evidence, say as a matter of law that she was guilty of negligence. There is ample evidence to support the verdict. Appellant has cited a number of cases relative to contributory negligence, but they are all cases decided prior to the

enactment of §362 Burns 1914, Acts 1899 p. 58, wherein it is provided that in actions of this character the plaintiff need not allege or prove want of contributory negligence.

The alleged newly-discovered evidence is to the effect that, prior to the date when appellee was injured, she had traveled over the alleged defective sidewalk, and that prior to that time she was afflicted with rheumatism.

The accident complained of occurred in May, 1916. Appellant in support of its motion for a new trial, filed the affidavits of David Young, William Butler, Dr. J. S. Kritchfield and Malissa Grandstaff. David Young in his affidavit stated that he resided in the city of Princeton for eighteen years and for more than three years on the street where appellee fell, and that in the fall of 1915 appellee told him that she "had rheumatism so bad she could hardly get up and down stairs. * * * That prior to said accident he saw her walking along said sidewalk, * * * when said bricks were removed from said sidewalk." William Butler in his affidavit stated that prior to said accident he had seen appellee walk over the sidewalk several times at the place where the bricks were out. Dr. Kritchfield in his affidavit stated that in 1914 he treated appellee professionally, and at that time she was seriously afflicted with rheumatism for several months, at which time she was unable to walk. Malissa Grandstaff in her affidavit stated that she was at the home of appellee during the months of April and May, 1916, and during said time she, in company with appellee, had attended the church, and in so doing they passed over said sidewalk. Appellant contends that the affidavits of Young

and Butler and Malissa Grandstaff show that appellee knew of the condition of the sidewalk at the time she was injured, and that when she traveled over the same she did so at her own risk; that the affidavits of Young and Dr. Kritchfield disclosed that she was subject to rheumatism for some time prior to the time when she fell on the sidewalk.

2. The affidavit of Dr. Kritchfield shows that he was an incompetent witness, and, appellee not having consented to his testifying, his affidavit must be disregarded.

3. A party seeking a new trial on account of newly-discovered evidence must show diligence in discovering all legitimate evidence before the trial closed and in the preparation of his case for trial. *Jackson* v. *Swope* (1893), 134 Ind. 111, 33 N. E. 909; *Hines* v. *Driver* (1885), 100 Ind. 315.

4. The only showing of diligence on the part of appellant is the statement in the affidavit of Doris R. Head, mayor of the appellant city, in which he says that he "investigated all matters and things relating to said action which came to his knowledge; that he interviewed many persons both white and colored in the city of Princeton, Indiana, in regard to said cause, and that he made investigation of each and every matter of evidence of which he acquired any knowledge; that at no time before the verdict was returned did he or appellant know or have any knowledge that appellee had been afflicted with rheumatism, and did not know of any person who had seen the appellee walk or travel over or along the sidewalk where she was injured, prior to the time of her injury." This affidavit falls far short of showing diligence. There is no showing that inquiry was made

of any person in the neighborhood where appellee resided, or of any person who knew her, or who was likely to know anything concerning the accident, or of appellee's knowledge, if any, of the defective condition of the sidewalk, or the previous condition of her health. The person interviewed may have lived in distant parts of the city from appellee and have been total strangers to appellee.

There was no error in overruling the motion for a new trial. Judgment affirmed.